# EXHIBIT B

# PUBLISHING ADMINISTRATION AGREEMENT

This AGREEMENT dated December 20, 1999 made by and between Tufamerica, Inc. d/b/a Street Tuff Tunes (ASCAP) (hereinafter called "Administrator"), 200 West 72nd Street, New York, NY 10003 Robert Reed and Tony Fisher individually and collectively dba Trouble Funk o/b/o themselves, SY DY Productions, the other band members and all of their record labels and publishing companies, P.O.Box 696, Oxon Hill, MD 20750.("hereinafter called "Company" or "Trouble").

WHEREAS, Trouble owns or is the sole controller of compositions written, owned or controlled by Trouble Funk and created before 1990 including but not limited to those listed in Schedule A, attached hereto and hereby incorporated herein (referred to herein individually as a "Composition" and collectively, "Compositions"); and,

WHEREAS, Administrator desires to exploit and protect the Compositions for use in records, sheet music, motion pictures, television programs, electronic media and other media;

NOW, THEREFORE, in consideration of the foregoing and of the mutual covenants and conditions hereinafter set forth, the parties hereto do agree as follows:

1. GRANT OF RIGHTS

    (a) Trouble hereby sells, assigns, transfers and sets over to Administrator, the exclusive right to administer all Trouble's rights in the Compositions throughout Publishing universe excluding the territories administered by Sony ATV (not less then the territory of North America) for a period of five (5) years (the "Term") from the date of this Agreement attached hereto. If at any time prior to the expiration of this agreement, the Sony Deal expires, then Administrator shall also administer those territories. All compositions, derivative works or other projects created during the Term or it extension are either created during and/or first collected on during the Term shall remain administers by Tuff in perpetuity.

    (b) If during the Term Tuff pays Trouble a total of ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓, then the term of this agreement shall be extended. The new term shall be in perpetuity ("Extension Term")

    (c) Trouble shall supply Administrator with the names, addresses and performing rights society affiliations of all songwriters of each Composition, and said songwriters' respective percentages of authorship, as well as any specific consents required by such songwriters, if any, in connection with particular types of exploitation. Administrator shall negotiate all exploitations of the Compositions, and shall be responsible for collecting fees in connection therewith, and for distributing the respective portions thereof to the aforementioned to Trouble, as applicable. It shall be Trouble's responsibility to pay all writers and other third parties.

(d) Tuff grants to Trouble a mechanical licenses for the use of these compositions on live CD releases. The license shall be royalty free for an initial pressing of up to five thousand units (the "Initial Pressing") and then shall be ▮ of statutory rate for all units sold after the Initial Pressing. Trouble shall only be permitted to release records in the form of Compact Discs.

2. WARRANTIES AND REPRESENTATIONS

(i) Trouble warrants and represents that the Compositions are original, that they do not infringe or otherwise violate any statutory or common law right of any third party, and that there exist no impediment whatsoever to Administrator's exploitation thereof.

(i) Trouble warrants and represents that no member of the band nor the band collectively ever signed any agreements regarding these masters and compositions, besides this one, Island (for masters released on "(Insert name of album)", Sony ATV (see attached agreement) and the MCI (for masters released on "(Insert name of album)" agreements.

(ii) Trouble warrants and represents that they never signed the "Exclusive Songwriters Agreement" which Sugar Hill Music is sending to third parties or any other agreement with Sugar Hill Records or any company related to them.

(iii) Trouble warrants and represents that they did not sign a deal with Maxx Kidd Productions.

(iv) Trouble warrants and represents that they did not enter into any agreement with Will Smith or any affiliated entity.

(iv) Trouble warrants and represents that they never authorized any person or persons to enter into any of the above mentioned deals.

(v) Trouble warrants and represent that no party had the right to enter into any of the above deals on Troubles behalf.

(vi) Trouble warrants and represents that they have exclusive administration over all of these compositions, including but not limited to "Pump Me Up."

3. PROCEEDS

In consideration of the foregoing, Administrator shall pay Trouble all proceeds received in connection with Administrator's exploitations of the Compositions, including without limitation, any and all proceeds actually received by Administrator from the exploitation of mechanical rights, electrical transcriptions and reproducing rights, motion picture and television synchronization rights, print rights, and all other rights in the Composition, whether or not such licensees are affiliated with, owned in whole or in part by, or controlled by Administrator.

The term "proceeds" is defined as any and all revenue, income and sums derived and actually received by Administrator (after deduction of any collection costs and other fees

charged by any collection or administration agency used by Administrator) from the exploitation of the Composition less the following, in order:

   (i)   An administration fee of ▓▓▓▓▓▓▓▓ of the proceeds, except in the case of the Will Smith composition, "Pump Me Up" for which the administration fee shall be ▓▓▓▓▓▓▓▓ and,

   (ii)   Administrative and exploitation expenses with respect to the Composition including, without limitation, copyright registration fees and advertising and promotion expenses directly related to the Composition; and,

   (iii)   Attorneys' fees, if any, charged to Administrator.

4.   ADVANCE

Publisher shall pay to Company the amount of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓ Said advance shall be payable ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ upon execution, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ upon deliver of letters confirming Trouble's right to administer all co-writers shares and the remaining ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ on February 1, 2000 or upon deliver of letters confirming Trouble's right to administer all co-writers shares whichever is later. If letters of confirmation are not received before July 1, 1999 no further advances shall be due and Tuff shall be entitled to charge ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ against future royalties. All amounts so paid to Trouble shall constitute advances against the royalties set forth in the preceding paragraph and shall be fully recoupable from same. This agreement shall be fully enforceable upon execution.

5.   ACCOUNTING

(a)   Administrator will render semi-annual accounting statements by September 30th for the half year ending June 30th, and by March 31st for the half year ending December 31st. If royalties shown on a given statement exceed advances given to Trouble, such statement shall be accompanied by appropriate payment. With respect to print sales, Administrator shall have the right to retain against returns such portion of payable royalties as shall be necessary in Administrator's best business judgment.

(b)   Except to the extent that Trouble object to written notice received by Administrator within two (2) years after a specific statement is rendered to Trouble, such statement shall constitute an account stated, and shall be final and binding between Trouble and Administrator. Trouble, or a certified public accountant acting on Trouble's behalf, may examine our books and records with respect to a specific statement concerning the Composition once during the two-year period following the rendition of such statement. Such examination shall be conducted upon reasonable advance notice at the office at which such books and records are regularly maintained. No action or proceeding may be brought with respect to a specific accounting statement or the period to which it relates more than two (2) years after such statement is rendered.

6.   NAME & LIKENESS

Trouble hereby grants to Administrator the perpetual right to use and publish and to permit others to use and publish Trouble's name and logo, and the names, likenesses and biographical material pertaining to the songwriter(s) of the Composition in connection with the printing, sale, advertising, distribution and exploitation of music, folios, recordings, performances, and otherwise concerning any composition which Tuff controls.

7. ASSIGNMENT

Administrator and Trouble shall have the right to assign this agreement or any of its rights hereunder and to delegate any of its obligations hereunder, in whole or in part, to any person, firm, or corporation. Without limiting the generality of the foregoing, Administrator shall have the right to enter into subpublishing, collection, print or other agreements with respect to the Composition with any persons, firms, or corporations.

8. NOTICES

All notices, statements and payments to be sent to the parties hereto shall be sent to them at the addresses set forth herein or at such other address as a party shall designate in writing from time to time. All notices shall be in writing and shall either be served by personal delivery (to an officer of our company if to Administrator) mail or telegraph, all charges prepaid. Except as otherwise provided herein, such notices shall be deemed given when personally delivered, mailed or delivered to a telegraph office, all charges prepaid, except that notices of change of address shall be effective only after the actual receipt thereof.

9. TITLES

Administrator shall have the right, in its sole discretion, to substitute a new title or titles for the Composition, make changes, arrangements, adaptations, translations, dramatizations, and transportations of the Composition, in whole or in part, in connection with any other musical, literary, dramatic, or other material or otherwise. With Trouble's permission, Administrator may add new lyrics to the music of the Composition or new music to the lyrics of the Composition. Trouble hereby waives any and all claims which Trouble has or may have against Administrator, or anyone else deriving rights from or through Administrator, by reason of the fact that the title of the Composition may be the same as or similar to that of any other musical composition heretofore and hereafter acquired by Administrator. A courtesy copy of all non-royalty correspondence shall be sent to Kurosh Nasseri, Law Office of Kurosh Nasseri, 3207a M. Street N.W., 3rd Floor, Washington, D.C. 20007.

10. FURTHER DOCUMENTS

(a) Trouble shall deliver to Tuff all documents regarding any and all of these compositions including but not limited to, copies of all royalty statements regarding any of the compositions, copies of all songwriter agreements and copies of all documents relating to publishing company's and/or record labels Trouble owns or controls.

(b) Upon request, Trouble shall execute and deliver to Administrator such other and further documents as Administrator may reasonably request to enable Administrator to confirm or enforce the rights granted to Administrator herein, and if Trouble fails to do so in any instance within five (5) days following such request, Administrator shall have the right to do so in Trouble's name and on Trouble's behalf as Trouble's attorney-in-fact (which appointment as attorney-in-fact is coupled with an interest and is irrevocable by Trouble).

11. MODIFICATIONS

This agreement sets forth the entire understanding of the parties hereto relating to the subject matter hereof. No modification, amendment, waiver, termination or discharge of this agreement or of any terms or provisions hereof shall be binding upon either party unless confirmed by a written instrument signed by Trouble and by a duly authorized officer of our company. No waiver by either party of any term or provision of this agreement or of any default hereunder shall affect either party's respective rights thereafter to enforce such term or provision or to exercise any right or remedy in the event of any other default, whether or not similar.

12. SEVERABILITY

If any provision of this agreement shall be held void, voidable, invalid, or inoperative, no other provision of this agreement shall be affected as a result thereof, and, accordingly, the remaining provisions of this agreement shall remain in full force and affect as though such void, voidable, invalid, or inoperative provision had not been contained therein.

13. PROTECTION OF RIGHTS

Administrator may take such action as Administrator deems necessary, either in Trouble's name or in Administrator's name, against any person to protect the rights and interest acquired hereunder. Trouble will, at Administrator's request, cooperate fully with Administrator in any controversy which may arise or litigation which may be brought concerning Administrator's rights and interests acquired hereunder. Administrator shall have the right, in its absolute discretion, to employ attorneys and to institute or defend any action or proceeding and to take any other proper steps to protect its right, title and interest in and to the Composition and every portion thereof and to satisfy any judgment that may be rendered, in any manner as Administrator in its sole discretion may determine. Any legal action brought by Administrator against any alleged infringer of the Composition shall be initiated and prosecuted by Administrator and if there is any recovery made by Administrator as a result thereof, after deduction of the expense of litigation, including, but not limited to, attorney's fees and court costs, Administrator shall pay to Trouble all proceeds (as defined in Paragraph 3 hereinabove) resulting therefrom.

14. INDEMNIFICATION

Trouble hereby indemnifies, saves, and holds Administrator harmless from (and shall reimburse Administrator upon demand for) any and all damages, liabilities, costs, losses and expenses (including legal costs and reasonable attorneys' fees) arising out of or

connected with any claim, demand, action, or proceeding by a third party which is inconsistent with any of the warranties, representations or covenants made by Trouble in this agreement. Pending the determination of any such claim, demand, action, or proceeding Administrator shall have the right, at our election, to withhold payment of any monies otherwise payable to Trouble hereunder or under any other agreement between Trouble and Administrator or our affiliates in an amount reasonably related to the scope of Trouble's indemnity. Upon the final adjudication or settlement of any such claim, demand, action, or proceeding, such monies so withheld shall first be applied in satisfaction of Trouble's indemnity obligations hereunder and the balance, if any, shall be credited to Trouble's royalty account hereunder.

15. JURISDICTION

This agreement has been entered into in the State of New York, and its validity, construction, jurisdiction, interpretation and legal effect shall be governed by the laws of the State of New York applicable to contracts entered into and performed within such State.

16. **EACH PERSON EXECUTING THIS AGREEMENT ACKNOWLEDGES THAT HE OR SHE HAS READ AND FULLY UNDERSTANDS THE CONTENTS OF THIS AGREEMENT AND/OR HAVE HAD THE CONTENTS FULLY EXPLAINED TO SUCH PERSON'S SATISFACTION. FURTHER, EACH PERSON EXECUTING THIS AGREEMENT ACKNOWLEDGES HE OR SHE HAS BEEN ADVISED THAT IT IS WITHIN THEIR RIGHT AND HIGHLY ADVISED TO HAVE THIS AGREEMENT REVIEWED AND EXPLAINED BY AN ATTORNEY OF SUCH PERSON'S OWN CHOOSING AND AT HIS OR HER OWN EXPENSE BEFORE EXECUTING SAME, AND THAT SUCH PERSON'S FAILURE TO DO SO WILL NOT AFFECT THE VALIDITY OF THIS AGREEMENT.**

IN WITNESS WHEREOF, the parties hereto have executed this Agreement on the day and year first above written.

"ADMINISTRATOR"
Street Tuff Tunes (ASCAP)

By: _____

_____
(print name and title)

OWNER
Tony Fisher

"TROUBLE"
December 20, 1999 by and between Street Tuff Tunes (ASCAP).

CONFIDENTIAL TA231

TITLES OF COMPOSITIONS

December 20, 1999 by and between Street Tuff Tunes (ASCAP).

COMPOSITION   WRITERS   PERCENTAGE   AFFILIATION   ADDRESS

CONFIDENTIAL

## LETTER OF DIRECTION

**TROUBLE FUNK**
**P.O.Box 696**
**Oxon Hill, MD 20750**

Dated as of February 11, 2000

Ladies and Gentlemen:

    1.    I, Robert Reed o/b/o the band known as Trouble Funk ("Trouble Funk"), have engaged Tuff City Records ("Administrator") to administrate my entire catalog, including but not limited to my compositions, my masters, my recorded performances and all of my productions.

    2.    Although I have previously entered into agreements which would require you to pay me directly, for these services which I have rendered, I hereby request and irrevocably authorize you to make all payments for my services, as follows:

    (i)    All checks and statements shall be sent to Tuff City Records at 200 West 72nd Street, Suite 56, New York, NY 10003 or their then current address.

    (ii)    All checks shall be made payable to Tuff City or any entity which they designate.

    3.    I also hereby irrevocably transfer all of my rights to Administrator to audit you as per our agreement. Additionally, I grant them all others accounting rights which I have.

    4.    Your compliance with this authorization will constitute an accommodation to me alone; and nothing herein shall constitute Administrator as a beneficiary or party to this instrument or any other agreement between you and me. All payments hereunder will constitute payment to me and you will have no liability by reason of any erroneous payment you may make or failure to comply with this authorization. I will indemnify and hold you harmless against any claims asserted against you and any damages, losses or expenses incurred by you by reason of any such payment or otherwise in connection herewith.

Very truly yours,

By: _/s/ Robert Reed_
Robert Reed
S.S. [REDACTED]

_/s/ Tony Fisher_

**LETTER OF DIRECTION**

**TROUBLE FUNK
P.O.Box 696
Oxon Hill, MD 20750**

Dated as of February 11, 2000

Ladies and Gentlemen:

1. I, Robert Reed o/b/o the band known as Trouble Funk ("Trouble Funk"), have engaged Tuff City Records ("Administrator") to administrate my entire catalog, including but not limited to my compositions, my masters, my recorded performances and all of my productions.

2. All checks and statements shall be sent to Tuff City Records at 200 West 72nd Street, Suite 56, New York, NY 10003 or their then current address.

3. All checks shall be made payable to Tuff City or any entity which they designate.

Very truly yours,

By: /s/ Robert Reed
Robert Reed
S.S. [REDACTED]

/s/ Tony Fisher

## TROUBLE FUNK SCHEDULE

1. Pump Me Up
2. Drop The Bomb
3. The Bomb Has Dropped
4. Hey Fellas
5. Bad Ass Bitch
6. Black Boot Stomp
7. To The Crossroads
8. Years Of The 9 On The Black Hand Side
9. Junk Yard Groove
10. Don't Try To Use Me
11. Trouble Funk Express
12. Still Smokin'
13. Good To Go
14. New Money
15. Trouble
16. Don't Touch That Stereo
17. So Early In The Morning
18. Freaky Situation
19. Let's Get Small
20. Say What
21. E Flat Boogie
22. Super Grit
23. I'm Chillin'
24. Latin Funk
25. Get Down With Your Get Down
26. So Early In The Morning
27. All Over The World
28. Break It Up
29. Hey Tee-Bone
30. Sexy
31. Stroke
32. Women Of Principle
33. A Groove
34. That's What We're Talking About
35. Take It To The Bridge
36. Grip It
37. Double Funk
38. 4th Gear
39. Give Me A Quick One
40. Sleep On It
41. They Came To Boogie
42. Fatz Whatz Up Like That
43. Pump It Up Now
44. Sho Me How Ya Do Dat Thing
45. On King Ave.
46. Lonzo Get Busy
47. Chillin' With Tee-Bone
48. Go-Go Fatz
49. The Get Small Crew
50. Interlude Express
51. Beat Time Horns

PLEASE SIGN BELOW

Robert Reed       Tony Fisher
12/23/99          12/23/99
Date              Date

CONFIDENTIAL                                                                                TA235

## TROUBLE FUNK SCHEDULE CONTINUED

52. Get On Board
53. Bomb It Down
54. Bass In Your Face
55. Get On Up
56. Let's Get Hot
57. Part A
58. Part B
59. Part C
60. Part D

PLEASE SIGN BELOW

_____
Robert Reed
12/23/99
Date

_____
Tony Fisher
12/23/99
Date

CONFIDENTIAL                                                                     TA236