# EXHIBIT O

# Benforado, Nathaniel H.

| | |
|---|---|
| **From:** | Benforado, Nathaniel H. |
| **Sent:** | Friday, April 11, 2014 6:12 PM |
| **To:** | 'Kelly Talcott'; Kelly Talcott |
| **Cc:** | Bart, Andrew H.; Ted Max; 'Ken Anderson'; Thomas Monahan |
| **Subject:** | TufAmerica v. Diamond, et al. |
| **Attachments:** | 2014.04.11 Letter to K. Talcott.pdf |

Kelly,

Please see the attached correspondence. A copy is also being sent by First Class Mail.

Best,
Nate

April 11, 2014

Andrew H. Bart
Tel 212 891-1645
Fax 212 891-1699
abart@jenner.com

**By Electronic and First Class Mail**

Kelly Talcott, Esq.
The Law Offices of Kelly D. Talcott
34 Grove Street
P.O. Box 43
Sea Cliff, NY 11579-0043

      Re:    <u>TufAmerica, Inc. v. Michael Diamond et al., 12 Civ. 3529 (AJN)</u>

Dear Kelly:

As you know, this firm represents defendants UMG – Polygram International Publishing, Inc. ("UMG" incorrectly named as Universal Music Publishing, Inc. and Universal Music Publishing Group) and Capitol Records, LLC ("Capitol") (collectively, the "UMG and Capitol Defendants"). Defendants Michael Diamond, Adam Horovitz, and the Estate of Adam Yauch, p/k/a Beastie Boys, each individually and collectively d/b/a Brooklyn Dust Music (collectively the "Beastie Boys Defendants," together with the UMG and Capitol Defendants "Defendants") join in this letter.

I am writing to advise you that, in light of the documents produced on behalf of the UMG and Capitol Defendants yesterday, the claims asserted by your client, TufAmerica, Inc. ("TufAmerica" or "Plaintiff"), in the December 6, 2012, Amended Complaint (the "Complaint"), cannot be maintained as a matter of law. In the Complaint, TufAmerica alleges claims of copyright infringement with respect to certain musical compositions and sound recordings that TufAmerica purports to exclusively administer and license on behalf of the musical group Trouble Funk. It is now clear that Trouble Funk had no ability to convey such rights to TufAmerica in 1999 because the group had long ago conveyed those rights to other parties. Accordingly, continued maintenance of this action would violate Rule 11 of the Federal Rules of Civil Procedure. Whether TufAmerica knew of this information before, you and your client now have a full evidentiary record that makes clear TufAmerica can no longer prosecute this action.

Based on clear documentary evidence, the members of Trouble Funk conveyed away their rights to the sound recordings for Say What and Let's Get Small to Island Records, Inc. ("Island"). The evidence includes:

- An agreement between T.T.E.D. Records, Inc. ("T.T.E.D.") and Island, dated October 11, 1984 (UMG000017) (the "T.T.E.D.-Island Agreement"). Attached as Exhibit A to this

- agreement is a letter of inducement signed on the same date by all members of Trouble Funk confirming T.T.E.D.'s rights to enter into the agreement (UMG000167);
- An "Exclusive Recording Agreement" between T.T.E.D. and the members of Trouble Funk, also dated October 11, 1984, establishing that the Trouble Funk members granted the copyrights in the sound recordings at issue here to Maxx Kidd's company, which he, in turn, transferred to Island (UMG000174);
- A Letter of Direction dated December 10, 1984 directing that Island should pay 58% of the proceeds under the T.T.E.D.-Island Agreement directly to Trouble Funk (UMG000172); and
- A termination agreement dated November 30, 1989 between Island and Trouble Funk, also signed by all band members. While this agreement terminated the term of the T.T.E.D.-Island Agreement, the band members agreed, among other things, that "each and every grant of rights made by [Trouble Funk] and each and every representation and warranty made by [Trouble Funk] in the Agreements shall survive the execution of this instrument and that termination of the Agreements shall in no way affect, limit or terminate any of [Island's] rights in and to the master recordings recorded pursuant to the Agreements." (UMG000149) (the "Termination Agreement").

Regarding "Say What," in its Requests to Admit, as supplemented on March 13, 2014, TufAmerica defines the "Say What" recording as the version of the track embodied on "DETT LP 1002 (album)." This recording of "Say What" is from the "In Times of Trouble" album, which was expressly conveyed to Island pursuant to the T.T.E.D.-Island Agreement.

With "Let's Get Small," in its Requests to Admit, as supplemented on March 13, 2014, TufAmerica defines the "Let's Get Small" recording as the version embodied on "4th & Broadway 12 80 (single)." The single was released by 4th & Broadway, an Island subsidiary, in 1987. The copyright in this recording also was conveyed to Island because it was released during the term of the T.T.E.D.-Island Agreement.

For these reasons, the members of Trouble Funk had no rights in these recordings in 1999 when they purported to grant exclusive administration and licensing rights to TufAmerica. Therefore, TufAmerica has no standing to pursue these claims. *See Newsome v. Brown*, 209 F. App'x 11, 13 (2d Cir. 2006).

Publicly available records reflecting recorded assignments also show that the musical compositions embodied in both tracks at issue were conveyed to Island Music, Inc., Ackee Music, Inc. and other entities. (*See* UMG000152, UMG000156, UMG000160, UMG000163.) An ownership interest in the musical composition copyrights for Say What and Let's Get Small was ultimately conveyed to Polygram International Publishing, the predecessor entity to the

defendant in this lawsuit. (UMG000192; UMG000247; UMG000265.) At a minimum, these documents show that UMG – Polygram International Publishing, Inc. is a co-owner of both musical compositions at issue, and cannot be sued for infringement as a matter of law. *See Cortner v. Israel*, 732 F.2d 267, 271 (2d Cir. 1984) ("It is elementary that the lawful owner of a copyright is incapable of infringing a copyright interest that is owned by him; nor can a joint owner of a copyright sue his co-owner for infringement.").

To avoid unnecessary and undue expense, we request that you adjourn the scheduled depositions now while you review this evidence, and thereafter withdraw this action against the Defendants with prejudice. We reserve our right to file a motion pursuant to Rule 11 or any other appropriate grounds, including 28 U.S.C. § 1927 for unreasonable and vexatious litigation conduct, but hope that such a motion will not be necessary. Nothing herein shall be deemed a waiver of any rights and Defendants hereby reserve all rights.

We urge you to respond to this letter as soon as possible and, in any event, prior to noon on Monday, April 14th, the day before depositions are scheduled to commence. If we do not hear from you then, we will be forced to seek immediate relief from the Court. We look forward to your prompt response.

Sincerely yours,

Andrew H. Bart

cc: Theodore C. Max, Esq.