# EXHIBIT T

# JENNER&BLOCK

## ANDREW H. BART (ANDY), Partner



**ANDREW H. BART (ANDY)**
Partner

**NEW YORK**
Office: 212 891-1645
Fax: 212 891-1699
Email: abart@jenner.com

**PRACTICE GROUPS**
Content, Media & Entertainment Litigation
Trademark, Advertising and Unfair Competition Practice

**EDUCATION**
Columbia University School of Law, J.D., 1978; Harlan Fiske Stone Scholar

University of Pennsylvania, B.A., 1975; *cum laude*

**BAR ADMISSIONS**
New York, 1979

**COURT ADMISSIONS**
U.S. Supreme Court, 1992

U.S. Court of Appeals, Second Circuit, 1991

U.S. Court of Appeals, Eleventh Circuit

U.S. Court of Appeals, Seventh Circuit, 1991

U.S. District Court, Southern District of New York, 1979

U.S. District Court, Eastern District of New York, 1979

*Andrew H. Bart is an experienced commercial litigator and is Co-Chair of the Content, Media & Entertainment Practice. Clients in the entertainment industry, particularly recording companies, film studios and music publishers, seek his counsel on intellectual property issues and contractual disputes. His cases have resulted in precedent-setting decisions in copyright law, trademark law, the law of privacy and publicity, and artist-label relations.*

For the past five years, *Chambers USA* has named Mr. Bart as one of the country's leading lawyers in Media & Entertainment. In 2013, he was named a "Media & Entertainment MVP" by *Law360*. He has also been named among the *Legal 500* in the areas of Copyright Litigation, Intellectual Property, and Media, Technology and Telecoms, and was previously recognized among *New York Super Lawyers* "Top 100". Under Mr. Bart's leadership, Jenner & Block's Content, Media & Entertainment Practice was honored with the *Chambers USA* "Award for Excellence" in 2014 and 2012, which recognizes the No. 1 media and entertainment practice in the country. The practice was also named as a 2013 "Practice Group of the Year: Media & Entertainment" by *Law360*. In addition, the practice is one of only three firms nationwide to be ranked Tier 1 in the 2014 *Legal 500* Intellectual Property-Copyright category.

Mr. Bart has extensive experience litigating jury and bench trials, representing clients in arbitrations and arguing appeals in several federal circuit courts as well as in the New York State Appellate Division and Court of Appeals. During the course of his 35-year career Mr. Bart has handled and tried a variety of complex commercial cases. His experience runs from securities litigation and SEC proceedings to partnership and joint venture disputes to a wide variety of contractual disputes. He has also conducted and concluded complex, multi-party mediations and settlement negotiations. Mr. Bart serves the firm as a member of the firm's Management Committee and Diversity & Inclusion Committee.

For more than two decades, Mr. Bart has focused on litigation in the entertainment industry, especially intellectual property issues and contractual disputes. He has successfully represented both plaintiffs and defendants in music copyright claims and has been involved in cases examining the interrelationship among musical similarities, independent creation and prior art. He has successfully litigated and tried cases involving trademark and Lanham Act claims, claims of unfair competition, accounting claims relating to sound recordings and musical compositions, and a variety of cases involving record labels, publishers, film studios, production companies, artists, managers, producers, musical compositions, websites, books and advertising.

His representative litigation matters include:

- *Panama Music Corp. et al v. Universal Music Group Inc.* Jenner & Block won a significant decision the Southern District of Florida when the court granted Universal Music Group's (UMG's) motion for summary judgment in a breach of contract claim filed by Panama Music Corp. (PMC). The matter concerned the calculation of royalties owing on income derived from the sale of digital downloads and ringtones and from streaming services. PMC

©Copyright 2014 Jenner & Block LLP. Jenner & Block is an Illinois Limited Liability Partnership including professional corporations.

argued that the royalty calculation on digital sales was not provided in the agreement and thus fell under a "catch-all" provision providing for payment of 50 percent of net receipts on all income not otherwise addressed in the agreement. UMG's motion argued that downloads and ringtones were simply modern formats of records and thus the contractual royalty term for record sales applied. The ruling in favor of UMG specifically held that downloads and ringtones were records and that sales of downloads through iTunes, Amazon and other retailers constituted distribution through Normal Retail Channels. This decision has significant implications in the industry as it serves to limit the holding of the Ninth Circuit in *F.B.T. Productions v. Aftermath Records* awarding the rapper Eminem 50 percent of net receipts on download sales based on markedly different contract terms.

- *UMG Recordings, Inc. v. Escape Media Group.* A decision from the Appellate Division of the New York Supreme Court on behalf of Universal Music Group, dismissing the assertion by the operators of the popular website grooveshark.com that defenses found in the Copyright Act precluded protection for "pre-1972" sound recordings under New York common law copyright and unfair competition laws. This victory is a precedent-setting result for content owners, which strongly suggests that, in appropriate situations, state common law remedies may be an alternative means of content protection.

- *Yngwie J. Malmsteen v. Universal Music Group, Inc.* A summary judgment dismissal from the Southern District of New York of a breach of contract lawsuit brought by guitarist Yngwie Malmsteen, including a claim relating to the calculation of royalty payments on income derived from the sale of digital downloads through online retailers. Malmsteen alleged that he was entitled to 50% of UMG's net receipts from digital download sales pursuant to a contractual provision which applied that rate in certain limited circumstances. The issue of the applicability of 50% net receipt provisions to income from digital exploitation is a hot issue in the recorded music industry, and this is the first major litigation in which the record companies prevailed by summary judgment.

- *UMG Recordings Inc. et al. v. Escape Media Group Inc. et al.* A copyright infringement decision from the Southern District of New York, finding Escape Media Group (parent company of Grooveshark) and its founders responsible for the illegal uploads of 5,977 songs by musicians such as Eminem, Jay-Z, Green Day and Madonna. The judge granted the record companies' motion for summary judgment, finding that Escape Media directly and vicariously infringed their copyright and that it induced copyright infringement by ordering employees to upload copyrighted songs to the service without permission.

- *Connie Franconero v. Universal Music Corp.* A decision from the Central District of California dismissing a lawsuit brought by singer Connie Francis concerning the royalty rate applicable to digital downloads. Francis alleged that she was entitled to a royalty rate of 50% of UMG's net receipts from sales of digital downloads through online retailers. The court agreed that the plain, unambiguous language of the royalty provision was determinative and dismissed Francis' contract and quasi-contract claims.

- *56 Hope Road v. Universal.* A decision from the Southern District of New York holding that Universal Music Group was the owner of the renewal copyrights in sound recordings containing the performances of Bob Marley, as those recordings were created as works for hire.

- *Louis Vuitton Mallatier v. Warner Bros. Entertainment.* A decision from the Southern District of New York dismissing a trademark infringement suit filed by Louis Vuitton Mallatier against client Warner Bros. over the moviemaker's use of an alleged knockoff of a Louis Vuitton travel bag in a scene in the movie "The Hangover Part II." The Court held that the use of the bag in the film was noncommercial speech protected by the First Amendment, that the likelihood of public confusion over the accessory's origin was, at best, minimal, and that the use of the trademark was "artistically relevant."

- *Fortres Grand Corp. v. Warner Bros. Entertainment.* Jenner & Block secured a victory for Warner Bros. Entertainment when a judge granted a motion to dismiss a trademark infringement complaint related to the blockbuster movie "The Dark Knight Rises." At issue was Fortres Grand Corp.'s allegation that the movie's references to a fictional software called "Clean Slate" infringed Fortres' real computer security software of the same name. In August 2014, the Seventh Circuit issued its opinion affirming the district court's dismissal of the trademark infringement case.

- *Mena v. Fox Entertainment Group.* A decision from the Southern District of New York dismissing a copyright infringement suit against Warner Bros. and Fox Entertainment Group. The plaintiff, Stevan Mena, claimed that a TV series called "Past Life," produced and distributed by Warner Bros. and Fox, infringed his copyright in a screenplay titled "Transience." In granting the motion to dismiss, the Court held that "no discerning observer could conclude that 'Past Life' had appropriated protected elements from 'Transience'" and that the two works "are not substantially similar with respect to total concept and feel."

- *Capitol Records v. MP3tunes.* A federal jury decision from the Southern District of New York which found MP3tunes, Inc. and its former CEO Michael Robertson liable for infringing more than 2,000 copyrights in sound recordings, compositions, and cover art owned by EMI. Along with a series of other specific copyright infringements, the jury found that MP3tunes had "red flag" knowledge of specific acts of infringement on its service and had been "willfully blind" to such infringements, marking the first time that a jury had disqualified a defendant from DMCA "safe harbor" protection on this basis since the standard was set by the Second Circuit in *Viacom v. YouTube* Following a ruling from the district court, upholding liability and reducing some of the financial recovery, the matter is on appeal.

- *Jobim v. Songs of Universal.* A decision from the Southern District of New York granting partial summary judgment to client Songs of Universal in an action brought by the heirs of songwriter Antonio Carlos Jobim relating to the exploitation of "The Girl from Ipanema," and other Jobim compositions. The case raises complicated issues of international exploitation of copyrights and foreign collection of royalties. Plaintiffs sought termination of the agreements and calculation of royalties based on income received by Universal's international licensees "at source" rather than the income ultimately received by Universal from those licensees. The Court, in ruling on the parties' cross-motions for summary judgment, rejected plaintiffs' claims for "at source" accounting and for termination of the sub-publishing agreements.

- *Connie Franconero v. UMG Recordings.* A pair of decisions from the Southern District of New York dismissing claims asserted against UMG Recordings in a case brought by singer Connie Francis. In the first decision, the Court dismissed Francis' tort claim for intentional infliction of emotional distress. The second decision dismissed Francis' remaining claim that UMG improperly allowed Francis' recorded music to be used on albums not composed entirely of her own material.

- *Johnson v. Cypress Hill.* A decision from the Northern District of Illinois dismissing Plaintiff's claims of copyright infringement and unfair competition relating to the sampling of a small portion of one of his 1960s hits on a recording released by Cypress Hill in 1993. The district court also denied Johnson's motion to amend, and awarded attorneys' fees to our clients. Thereafter, the plaintiff filed a new complaint in state court, mirroring the amended complaint disallowed in the dismissed federal suit. After removal to federal court, the court granted our clients' motion for summary judgment on the grounds of res judicata. On appeal, the Court of Appeals for the Seventh Circuit affirmed all of the district court's rulings.

- *Saregama India v. Taylor.* A decision from the Southern District of Florida dismissing Plaintiff's complaint against UMG Recordings and Warner Chappel Music Publishing. The action alleged that the rap producer Timbaland used a sample from the soundtrack of a 1969 Indian film in a composition that he wrote. The district court dismissed the complaint on the grounds that there was no evidence that the Plaintiff owned the copyright in the soundtrack at issue, and therefore lacked standing to pursue the claim. The district court also found an absence of substantial similarity, refusing to follow the Sixth Circuit's decision in *Bridgeport Music v. Dimension Films*, which had held that plaintiffs in infringement actions based on the sampling of a sound recording are not required to prove substantial similarity. The district court awarded attorneys' fees and costs to our clients. These decisions were affirmed on appeal.

- *EMI v. Victory.* A decision from the Northern District of Illinois granting EMI's motion to disqualify Plaintiffs' expert and expert report in a case alleging interference with contractual relations. That decision led to a favorable settlement on the eve of trial.

- *BMS Entertainment/Heat Music v. Bridges.*  Jenner & Block defended Universal Music Group and Universal Music & Video Distribution Corp. in a jury trial in the U.S. District Court for the Southern District of New York against copyright claims alleging Universal manufactured and distributed a record that infringed a song written by the Plaintiffs. The jury concluded that any musical content shared by the two songs was not original to the plaintiff and therefore not protectable under copyright law.

- *Santrayall v. Burrell.*  A jury verdict in the Southern District of New York finding that rap pioneer M.C. Hammer and Capitol Records did not infringe Plaintiffs' Song.

- *Greenfield v. Philles Records Inc.*  A seminal decision from the New York Court of Appeals confirming the unfettered right of recording companies to exploit performances they owned pursuant to recording agreements and confirming that the only royalty obligations were those provided in the agreement.

- *ABKCO Music Inc. v. Stellar Records.*  A Second Circuit decision affirming the rights of music publishers in audiovisual (karaoke) performances of their compositions.

- *Silvester v. Time Warner Inc.*  A New York Appellate Court decision following Greenfield addressing the right of recording companies to exploit performances over the internet.

- *Broadcast Music Inc. v. Claire's Boutique Inc.*  A Seventh Circuit decision interpreting Section 110(5) of the Copyright Act.

- *Preston v. Martin Bregman Productions, Inc.*  Upholding a de minimis defense to a right of publicity claim under New York law.

**Awards**

- *Chambers USA*
  Media & Entertainment: Copyright & Contract Disputes (New York), 2009-2014

- *Law360*
  Media & Entertainment MVP, 2013

- *Legal 500*
  Copyright Litigation, 2007, 2008
  Intellectual Property:  Copyright, 2007, 2008, 2011, 2013
  Media, Technology and Telecoms: Film, Music, and Television - Advice to Corporates, 2008

- *Managing Intellectual Property*
  IP Star, 2013, 2014

- *New York Super Lawyers*
  Top 100 New York Super Lawyers, 2011
  Intellectual Property Litigation, 2007-2014
  Business Litigation, 2010-2013
  Entertainment and Sports, 2010-2013

**Community**

- Volunteer Lawyers for the Arts
  Member, Board of Directors

**Publications**

- Co-Author, U.S. Analysis and Global Overview, *Copyright*, July 25, 2014
- *Copyright in 26 Jurisdictions Worldwide, 2013*, Getting the Deal Through, September 9, 2013
- "Unpacking the *Louis Vuitton v. Warner Brothers* Decision," *ABA Section of Litigation Intellectual Property Newsletter*, March 8, 2013
- "Assessing Copyright Damages," *Entertainment Law & Finance*, March 1997

**Speaking Engagements**

- Panelist, "Hot Blooded: The Debate Over Sound Recordings as Works Made for Hire," The Copyright Society of the USA's 35th Annual Meeting, Bolton Landing, NY, June 05, 2011 to June 07, 2011
- Panelist, "Digital Rights Issues - What are the Current Hot Buttons?" The Copyright Society of the USA's 2007 Midwinter Meeting, New Orleans, LA, January 25, 2007 to January 27, 2007
- Panelist, "Statutory Damages," The Copyright Society of the USA's 30th Annual Meeting, Bolton Landing, NY, June 11, 2006 to June 13, 2006