UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

TUFAMERICA, INC.,

                  Plaintiff,

            v.

MICHAEL DIAMOND, ADAM HOROVITZ,
and ADAM YAUCH, p/k/a BEASTIE BOYS,
UNIVERSAL MUSIC PUBLISHING, INC.,
UNIVERSAL MUSIC PUBLISHING GROUP,
BROOKLYN DUST MUSIC, and CAPITOL
RECORDS, LLC,

                  Defendants.
------------------------------------------------------------x

Case No. 12 CV 3529 (AJN)

**DECLARATION OF THEODORE C. MAX IN SUPPORT OF THE BEASTIE BOYS DEFENDANTS' MOTION FOR ATTORNEY'S FEES AND COSTS**

I, THEODORE C. MAX, hereby declare as follows:

        1.     I am a partner at the law firm of Sheppard, Mullin, Richter & Hampton LLP ("Sheppard Mullin"), and counsel to defendants Michael Diamond, Adam Horovitz, the Estate of Adam Yauch and Brooklyn Dust Music (collectively, the "Beastie Boys Defendants") in the above-referenced action. I am admitted to practice law in the State of New York and before this Court. The statements made in this declaration are based upon my personal knowledge, including upon information provided to me by colleagues or other personnel working under my supervision in this case. I submit this declaration in support of the Beastie Boys Defendants' motion for an award of attorney's fees and costs from Plaintiff TufAmerica, Inc. ("TufAmerica") pursuant to Section 505 of the Copyright Act and Rule 54 of the Federal Rules of Civil Procedure (the "Motion").

        2.     This case was commenced by TufAmerica on May 3, 2012 alleging the infringement of copyrights allegedly held by Robert Reed, Tony Fisher and James Avery.

Following Defendants' motion to dismiss, TufAmerica amended its Complaint to add two more copyright claims. After renewing their motion to dismiss, Defendants succeeded in obtaining dismissal of four of six claims asserted in the Amended Complaint. After limited discovery, Defendants moved for summary judgment which this Court granted on the ground that TufAmerica did not have standing to bring this action. This Court held that TufAmerica's 1999 agreements executed by Robert Reed and Tony Fisher did not convey exclusive rights to the copyrights of Messrs. Reed, Fisher and Avery and that the 2012 agreement with Mr. Avery did not remedy the absence of his signature on the 1999 agreements. The documents relating to this case in support of this motion which are attached, including the 2010 letter from Kenneth Anderson to TufAmerica's legal counsel rebuffing its claim of infringement and stating that there were gaps in its chain of title, make plain that Defendants were the prevailing party and that costs, including attorney's fees, should be awarded.

A.  **DOCUMENTS IN SUPPORT OF THE MOTION**

3. Attached as Exhibit A is a true and accurate copy of a December 22, 1999 Master Administration Agreement between TufAmerica and Messrs. Reed and Fisher. This agreement was attached as Exhibit 21 to the June 9, 2014 Declaration of Nathaniel H. Benforado in support of the UMG Defendants' Motion for Summary Judgment (the "Summary Judgment Declaration") and has been redacted according to the joint request to the Court sent on June 6, 2014.

4. Attached as Exhibit B is a true and accurate copy of a December 22, 1999 Publishing Administration Agreement between TufAmerica and Messrs. Reed and Fisher. This agreement was attached as Exhibit 22 to the Summary Judgment Declaration and has been redacted according to the joint request to the Court sent on June 6, 2014.

5. Attached as Exhibit C is a true and accurate copy of a January 1, 2012 agreement between TufAmerica and Mr. Avery. This agreement was attached as Exhibit 24 to the Summary Judgment Declaration and has been redacted according to the joint request to the Court sent on June 6, 2014.

6. Attached as Exhibit D is a true and accurate copy of an October 11, 1984 agreement between T.T.E.D. Records, Inc. and Island Records Inc.

7. Attached as Exhibit E is a true and accurate copy of a Civil Party Search on the PACER system reflecting all cases that TufAmerica has been a party to.

8. Attached as Exhibit F is a true and accurate copy of TufAmerica's October 4, 2013 First Requests for Admission (Amended).

9. Attached as Exhibit G is a true and accurate copy of excerpts from the transcript of the May 20, 2014 deposition of Aaron S. Fuchs.

10. Attached as Exhibit H is a true and accurate copy of excerpts from the transcript of the May 6, 2014 deposition of William A. Scott.

11. Attached as Exhibit I is a true and accurate copy of a March 29, 2010 email from Brian Levenson to Kenneth Anderson and Alasdair McMullan.

12. Attached as Exhibit J is a true and accurate copy of an April 2010 email chain sent from Mr. Levenson to Messrs. Anderson and McMullan.

13. Attached as Exhibit K is a true and accurate copy of an April 21, 2010 letter from Mr. Anderson to Mr. Levenson.

14. Attached as Exhibit L is a true and accurate copy of TufAmerica's November 12, 2013 Objections and Responses to the Beastie Boys Defendants' First Set of Requests for Production.

15. Attached as Exhibit M is a true and accurate copy of a March 7, 2014 email from Nathaniel H. Benforado to counsel for TufAmerica and the Beastie Boys Defendants producing, among other documents, the agreement attached here as Exhibit D.

16. Attached as Exhibit N is a true and accurate copy of a March 10, 2014 letter from myself to Kelly D. Talcott, counsel for TufAmerica.

17. Attached as Exhibit O is a true and accurate copy of a March 10, 2014 email from Mr. Talcott to me producing, among other documents, the agreement attached here as Exhibit C.

18. Attached as Exhibit P is a true and accurate copy of an April 11, 2014 letter from Andrew H. Bart to Mr. Talcott.

19. Attached as Exhibit Q is a true and accurate copy of an April 14, 2014 email from Mr. Talcott to counsel for Defendants.

20. Attached as Exhibit R is a true and accurate copy of an April 14, 2014 letter from Mr. Bart to Mr. Talcott.

21. Attached as Exhibit S is a true and accurate copy of an April 16, 2014 email from Mr. Talcott to counsel for Defendants.

22. Attached as Exhibit T is a true and accurate copy of excerpts from the transcript of the May 1, 2014 deposition of Tony W. Fisher.

23. Attached as Exhibit U is a true and accurate copy of excerpts from the transcript of the April 30, 2014 deposition of James William Avery.

**B.  THE BEASTIE BOYS DEFENDANTS' FEES AND COSTS IN THIS ACTION**

24. Having prevailed on their motions to dismiss and for summary judgment, the Beastie Boys Defendants now seek to recover $676,846.69 in attorney's fees and costs. This amount consists of $662,079 in fees for 1,155.4 hours of work performed by Sheppard Mullin

attorneys and litigation support staff, and $14,767.69 in costs incurred by Sheppard Mullin on behalf of the Beastie Boys Defendants. The invoices issued by Sheppard Mullin are attached as Exhibit V.

25. Sheppard Mullin's contemporaneous monthly time records describe the work performed on this matter by Sheppard Mullin attorneys, legal assistants and staff. These records identify the hourly fees accrued in connection with this litigation and, for each entry, specify the date, the hours expended, and the nature of the work done. In those records, each timekeeper recorded his or her time contemporaneously in tenths of hours and provided a detailed description of the services rendered.

26. As is set forth in detail in Sheppard Mullin's contemporaneous monthly time records, Sheppard Mullin attorneys have billed the Beastie Boys Defendants for their work in connection with this action on an hourly basis. Those time records are summarized by individual, the rate charged, and the total fees charged in the billing summary attached as Exhibit W. The primary attorneys who billed time on this matter are identified below, along with their experience, hourly rates, and involvement in this matter. The work performed by others, including paralegals and other support staff who worked under supervision by the primary attorneys is detailed in the invoices attached as Exhibit V. The necessary costs described herein are also set forth in detail in those contemporaneous monthly time records. All of the costs that the Beastie Boys Defendants are seeking to recover are set forth in the costs summary attached hereto as Exhibit X.

27. Below, I briefly summarize the necessary and reasonable services rendered by myself and Sheppard Mullin in connection with this action, for which the Beastie Boys

Defendants are seeking an award of attorney's fees and costs, as well as the qualifications of the attorneys and litigation support staff that performed the services described below.

28. I have over thirty years of experience as an attorney, and am a member of the Entertainment, Technology and Advertising and Intellectual Property Practice Groups at Sheppard Mullin with a practice primarily focusing on intellectual property counseling and litigation. Sheppard Mullin's Entertainment group was named the "Media and Entertainment Practice Group of the Year" by Law360 in 2014. I have been AV rated by Martindale Hubbell for preeminent ethical standards and legal ability. I have litigated numerous cases as lead counsel, including involving complicated music copyright matters such as this. A representative list of my previous matters is attached as Exhibit Y. I was the lead trial attorney in this matter.

29. My colleague Kenneth Anderson is an expert entertainment lawyer who has over twenty-five years of experience in counseling clients in connection music industry transactional and litigation matters, including sound recording and music publishing agreements, and music copyright infringement claims and related matters. Mr. Anderson has represented the Beastie Boys Defendants since 1985. That representation has included high-profile and landmark cases that he supervised and actively participated in.

30. Over the course of this litigation, Sheppard Mullin associates Valentina Shenderovich and Thomas M. Monahan assisted in the defense of this matter. Mr. Monahan graduated from Brooklyn Law School in 2010 and has been working as a litigation associate in New York City since that time. Mr. Monahan has represented the Beastie Boys Defendants in other copyright litigations in this Court and in the Northern District of California. Mr. Monahan also has pursued copyright claims on behalf of other clients. Ms. Shenderovich graduated from

Fordham Law School in 2011 and worked as a litigation associate at Sheppard Mullin from her graduation through 2013.

31. Mr. Anderson and I were also assisted by Valerie Alter, Tyler Baker and Edwin Komen. These additional colleagues performed discrete tasks in connection with the defense of the Beastie Boys Defendants. Ms. Alter graduated from Stanford Law School in 2005. Ms. Alter is a litigation associate who represents clients in intellectual property and media law matters, including trademark, copyright, right of publicity, trade secret, and privacy claims. Ms. Alter assisted in preparing the Beastie Boys Defendants' reply in support of their summary judgment motion in part because Mr. Monahan was engaged in a trial at that time and unable to assist with those papers. Mr. Baker graduated from the Georgetown University Law Center in 2011. Mr. Baker is an associate in Sheppard Mullin's Intellectual Property Practice Group and focuses on litigating business and commercial disputes involving false advertising claims, trademark and trade dress infringement claims, copyright infringement claims, and patent infringement claims. Mr. Baker assisted with the Beastie Boys Defendants' motions to dismiss, and assisted in the preparation of the Beastie Boys Defendants' Answer to the Amended Complaint. Mr. Komen is a partner in Sheppard Mullin's Washington, D.C. office whose practice focuses on Entertainment and Intellectual Property law. Mr. Komen graduated from George Washington Law School in 1976. Mr. Komen has extensive experience with regard to prosecution of matters before the United States Copyright Office and the United States Patent and Trademark Office. Mr. Komen assisted with regard to practices before the Copyright Office and questions regarding the copyright chain of title.

32. During the course of this action, the work performed by myself and the other Sheppard Mullin attorneys assigned to this matter included, but was not limited to appearing in

court, preparing the Civil Case Management Plan and Scheduling Order and subsequent orders, preparing and drafting the Beastie Boys Defendants' initial motion to dismiss the Complaint and subsequent motion to dismiss the Amended Complaint, preparing and drafting initial disclosures, preparing and drafting discovery requests and responses, preparing for and deposing four fact witnesses, responding to TufAmerica's discovery requests and requests for admission, overseeing the review and production of the Beastie Boys Defendants' document productions, overseeing the review of TufAmerica and the UMG Defendants' document productions, and preparing and drafting the Beastie Boys Defendants' summary judgment motion.

33. Mr. Anderson and I were also assisted by paralegals and other litigation support staff, including: Lisa S. Rodriguez, a paralegal; Brian Simpson, the Managing Clerk of the Firm's New York office; and Giles Mitchell, a Litigation Support Specialist who assisted with electronic discovery in this action.

34. Ms. Rodriguez was the sole paralegal who worked on this matter. Ms. Rodriguez received a bachelor's degree from Syracuse University and has twenty-five years of experience as paralegal working for Sheppard Mullin, other prominent New York law firms, and the New York Stock Exchange. Ms. Rodriguez also holds a paralegal certification from the Law Journal Paralegal Institute. As reflected in the time records submitted in support of the Motion, Ms. Rodriguez performed critical tasks in connection with this matter. Based on my thirty years of experience as an attorney, during which I have practiced primarily in the New York City market, the average rate of $255.51 for Ms. Rodriguez's time is reasonable, as it is equivalent or comparable to the prevailing rates charged for the time of similarly experienced paralegals at other law firms in this market.

35. Mr. Mitchell received a bachelor's degree from The College of Wooster and has been a Litigation Support Specialist at Sheppard Mullin for four years. Before that time, Mr. Mitchell was a paralegal at Sheppard Mullin and another prominent New York firm for over four years. As reflected in the time records submitted in support of the Motion, Mr. Mitchell assisted with electronic discovery in this matter, including processing data, and overseeing the Beastie Boys Defendants' electronic document production. Based on my thirty years of experience as an attorney, the average rate of $206.85 for Mr. Mitchell's time is reasonable, as it is equivalent or comparable to the prevailing rates charged for the time of similarly experienced trial support specialists, trial technicians and paralegals at other law firms in this market.

36. Brian Simpson was the Managing Clerk of Sheppard Mullin's New York office during the relevant time periods regarding this matter. As reflected in the time records submitted in support of the motion, Mr. Simpson assisted counsel with filing and submitting documents to the Court, and ensuring compliance with the Local and Electronic Case Filing rules. Based on my thirty years of experience as an attorney, the average rate of $202.80 for Mr. Simpson's time is reasonable, as it is equivalent or comparable to the prevailing rates charged for the time of similarly experienced managing clerks.

37. The Beastie Boys Defendants seek to recover fees and costs from TufAmerica for 1,155.4 hours of work by Sheppard Mullin attorneys and litigation support staff, as set forth in the billing summary. The hours accrued were both necessary and reasonable in order to fully defend the Beastie Boys Defendants against TufAmerica's claims in this action. The hours worked produced a significant victory for the Beastie Boys Defendants, who secured dismissal of all of TufAmerica's claims and judgment in the Beastie Boys Defendants' favor.

38. The billing rates for Sheppard Mullin attorneys and litigation support staff who worked on this matter are set forth in the billing summary. Based on my thirty years of experience in this field and market, these rates are reasonable, as they are equivalent or comparable to the prevailing rates charged by similarly experienced attorneys at other law firms practicing in the Southern District of New York.

39. The reasonableness of the billing rates for Sheppard Mullin attorneys is further supported by recent surveys of the prevailing market rates for comparable legal services. Attached as Exhibit Z is a true and accurate copy of the 2014 National Law Journal Billing Survey, published by American Lawyer Media (the "Survey"). According to the Survey, the average hourly rate for a partner at a New York-based law firm is $883.18 and the national average is $613.05. The average hourly rate for an associate at a New York-based law firm is $531.21 and the national average is $376.66. These averages were calculated by sorting and averaging the data contained in the Survey using the Microsoft Excel program, which is the format in which the Survey was provided to the Beastie Boys Defendants by American Lawyer Media.

40. Sheppard Mullin also billed the Beastie Boys Defendants at a reduced rate to offset the significant financial burden of defending against TufAmerica's claims. The Beastie Boys Defendants were charged an hourly rate of $675 for my time and Mr. Anderson's time. During the time we billed to this case, my scheduled hourly rate was between $680 and $785, and Mr. Anderson's scheduled hourly rate was between $695 and $840. The Beastie Boys Defendants also were provided with courtesy discounts in the amount of $10,005.00.

41. As set forth in the costs summary attached as Exhibit X, the Beastie Boys Defendants are also seeking to recover $14,767.69 in costs incurred by Sheppard Mullin as set

forth in the costs summary. The costs and expenses include deposition costs, postage and delivery services, duplicating and reproduction, supplies, travel expenses and electronic research costs.

42. These costs are reasonable because they are not associated with routine office overhead, but rather are identifiable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients. Moreover, these are all costs that Sheppard Mullin routinely charges to its clients and for which the Beastie Boys Defendants agreed to pay for.

43. These costs include costs associated with legal research by attorneys on Westlaw, Lexis and PACER. These charges should be reimbursed by TufAmerica, because Sheppard Mullin passes these expenses on to clients as separately chargeable disbursements.

I declare upon penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed:   Dated: April 9, 2014
               New York, New York

_____
Theodore C. Max