# EXHIBIT L

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

TUFAMERICA, INC.,

              Plaintiff,                          12 cv 3529 (AJN)

v.

MICHAEL DIAMOND, ADAM HOROVITZ,
and ADAM YAUCH, p/k/a BEASTIE BOYS,
UNIVERSAL MUSIC PUBLISHING, INC.,
UNIVERSAL MUSIC PUBLISHING GROUP,
BROOKLYN DUST MUSIC, and CAPITOL
RECORDS, LLC,

              Defendants.
-------------------------------------------------------x

## TUFAMERICA'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION

        TufAmerica, Inc. hereby responds and objects to the First Set of Requests for Production of defendants Capitol Records, LLC, Michael Diamond, Adam Horovitz, and Dechen Yauch as the executor for the estate of Adam Yauch, deceased, and Brooklyn Dust Music (collectively, "Defendants"), as follows:

### GENERAL OBJECTIONS

        The following general objections are asserted with respect to each of Defendants' First Set of Requests for Production as if fully set forth therein. To the extent that Plaintiff provides responses, it does so without waiver and without prejudice to these objections.

        A.      Plaintiff objects to the Requests to the extent that they seek to require production or disclosure of any privileged attorney-client communication, trial preparation materials or work product on the grounds that such discovery is not permissible under Rule 26(b) of the Federal

Rules of Civil Procedure. Such information will not be disclosed. Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or any other applicable privilege or immunity recognized by statute or case law.

B.  Plaintiff objects to the Requests to the extent that they would require Plaintiff to provide information and produce documents not within its possession, custody, or control.

C.  Plaintiff objects to all Requests calling for answers requiring "each," "every," "all," "any," or "each and every" person(s), entity(ies), document(s), statement(s), fact(s) or circumstance(s), or words to that effect, on the grounds that such Requests are vague and ambiguous, overly broad, unduly burdensome and oppressive, and they seek information neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection, Plaintiff will construe these terms and phrases as a request that Plaintiff uses reasonable diligence to locate relevant information or documents based on an examination of those files that may reasonably yield relevant information or documents and inquire of those who may reasonably be expected to possess responsive information or documents.

D.  Plaintiff objects to all Requests that request information regarding "each," "every," "all," "any," or "each and every" person(s), entity(ies), fact(s), circumstance(s), document(s), or statement(s) or words to that effect, on the grounds that discovery and Plaintiff's search for documents and information is ongoing. Accordingly, Plaintiff reserves the right to rely on any facts, documents, or other evidence that may develop or come to Plaintiff's attention subsequent to answering these Requests. Plaintiff's responses are set forth herein without prejudice to its rights to assert additional objections or supplemental responses should

Plaintiff discover additional documents, information, or grounds for objections. Plaintiff reserves the right to supplement or amend these objections or amend these responses at any time prior to the trial of this action.

E.     Plaintiff objects to these Requests to the extent they purport to impose any requirement or discovery obligation on Plaintiff other than those set forth in Federal Rules of Civil Procedure and the applicable rules of this Court and that they seek to require Plaintiff to digest, summarize, explain or otherwise provide information related to the documents or things being produced, which information can be readily obtained from reviewing the documents themselves.

F.     To the extent that Plaintiff responds to these Requests, Plaintiff does not concede that the information requested is relevant to this action. Plaintiff expressly reserves the right to object to further discovery into the subject matter of any of these Requests and the introduction into evidence of any documents and things or information produced in response to these Requests. Plaintiff reserves the right to challenge the competency, relevance, materiality and admissibility of the information contained in any documents and things produced in response to these Requests in any subsequent proceeding or the trial of this or any other action and to object on any grounds to the use of any of the documents or information in any subsequent proceeding or the trial of this or any other action.

G.     Plaintiff objects the Requests to the extent that they seek confidential or proprietary business information and trade secrets. Such information or documents will be provided only in accordance with and subject to entry of an appropriate stipulation and order of confidentiality.

H.     Plaintiff objects to the Requests to the extent that they are vague, ambiguous, indefinite, unduly burdensome, duplicative, compound, cumulative, unintelligible or otherwise unclear as to the precise information sought.

I.     Plaintiff objects to the Requests to the extent that they seek information that is not reasonably calculated to lead to the discovery of admissible evidence. To the extent Plaintiff responds to Defendants' Requests, Plaintiff does not concede that the information provided is relevant to this litigation.

J.     Plaintiff objects to the Requests to the extent that they seek information deemed to be confidential by agreements with third parties. Such information or documents will be provided only after receiving approval from the relevant third party.

K.     Plaintiff further objects to the extent that the Requests are unduly burdensome and oppressive and impose an undue burden both financially and logistically on Plaintiff which is not justified under the circumstances.

L.     To the extent that these Requests seek documents which are confidential or "For Attorney's Eyes Only", Plaintiff will only produce responsive confidential or "For Attorney's Eyes Only" documents after the Stipulation and Order of Confidentiality has been executed by all parties and so ordered by the Court.

DOCUMENT REQUEST NO.1:

All documents relating to the creation, composition, performance, and recording of the Trouble Funk Musical Compositions and Sound Recordings.

RESPONSE:

Plaintiff objects to the request as overbroad and unduly burdensome. Subject to the foregoing and general objections, Plaintiff is not presently aware of any responsive documents in

its care, custody, or control but will nonetheless produce any such responsive documents as may be located following a reasonable search.

DOCUMENT REQUEST NO.2:

All documents relating to the sale, distribution and licensing of the Trouble Funk Musical Compositions and Sound Recordings, including, but not limited to, licenses for the reproduction, sale, distribution and/or performance of sound recordings of the Trouble Funk Musical Compositions and Sound Recordings.

RESPONSE:

Plaintiff objects to the request as overbroad, unduly burdensome, and not reasonably likely to lead to the discovery of admissible evidence. Subject to the foregoing and general objections, Plaintiff will produce such responsive documents as may be located following a reasonable search and entry of an appropriate protective order.

DOCUMENT REQUEST NO.3:

All documents relating to or underlying the allegations set forth in the Complaint.

RESPONSE:

Plaintiff objects to the request as overbroad, unduly burdensome, and indefinite in its scope. Subject to these and the general objections, Plaintiff will produce such responsive documents as may be located following a reasonable search and entry of an appropriate protective order.

DOCUMENT REQUEST NO.4:

All documents relating to or underlying the allegations set forth in the Amended Complaint.

RESPONSE:

Plaintiff objects to the request as overbroad, unduly burdensome, and indefinite in its scope. Subject to these and the general objections, Plaintiff will produce such responsive documents as may be located following a reasonable search and entry of an appropriate protective order.

DOCUMENT REQUEST NO.5:

All documents relating to any application to register, and the registration of any alleged copyright with respect to the Trouble Funk Musical Compositions and Sound Recordings, including, but not limited to, all correspondence whether or not by or on behalf Plaintiff with the U.S. Copyright Office and the deposit copies therefore.

RESPONSE:

Plaintiff objects to the request as overbroad, unduly burdensome, and not reasonably likely to lead to the discovery of admissible evidence. Subject to the foregoing and general objections, Plaintiff will produce such responsive documents as may be located following a reasonable search

DOCUMENT REQUEST NO.6:

All documents relating to any and all agreements, assignments, letters of intent, memorandums of understanding, employment agreements, consulting agreements, and any other documents evidencing or reflecting an agreement or understanding between the person or persons who created or recorded the Trouble Funk Musical Compositions and Sound Recordings or any other sound recordings containing the Trouble Funk Musical Compositions and Sound Recordings and Plaintiff or any other person or entity.

RESPONSE:

Plaintiff objects to the request as overbroad, unduly burdensome, and not reasonably likely to lead to the discovery of admissible evidence. Subject to the foregoing and general objections, Plaintiff will produce such responsive documents as may be located following a reasonable search

DOCUMENT REQUEST NO. 7:

All documents relating to the agreement dated December 20, 1999 between Plaintiff and Trouble Funk's principals as alleged in paragraph 19 of the Amended Complaint and any other documents evidencing or reflecting an agreement or understanding between Plaintiff and Trouble Funk's principals.

RESPONSE:

Plaintiff objects to the request as overbroad, unduly burdensome, and not reasonably likely to lead to the discovery of admissible evidence. Subject to the foregoing and general objections, Plaintiff will produce such responsive documents as may be located following a reasonable search

DOCUMENT REQUEST NO.8:

All documents relating to "Agreement between TufAmerica and members of Trouble Funk" allegedly "transferring rights in the sampled recordings and compositions at issue" alleged in Plaintiff's Fed. R. Civ. P. 26(a) Disclosures.

RESPONSE:

Plaintiff objects to the request as overbroad, unduly burdensome, and not reasonably likely to lead to the discovery of admissible evidence. Subject to the foregoing and general objections, Plaintiff will produce such responsive documents as may be located following a reasonable search

DOCUMENT REQUEST NO.9:

All documents relating to any correspondence or agreements between D.E.T.T. Records and Trouble Funk's principals and any other documents evidencing or reflecting an agreement or understanding between D.E.T.T. Records and Trouble Funk's principals in any part regarding any of the Trouble Funk Musical Compositions and Sound Recordings.

RESPONSE:

Plaintiff objects to the request as overbroad, unduly burdensome, and not reasonably likely to lead to the discovery of admissible evidence. Subject to the foregoing and general objections, Plaintiff will produce such responsive documents as may be located following a reasonable search

DOCUMENT REQUEST NO. 10:

All documents relating to any correspondence or agreements between Island Records and Trouble Funk's principals and any other documents evidencing or reflecting an agreement or understanding between Island Records and Trouble Funk's principals in any part regarding any of the Trouble Funk Musical Compositions and Sound Recordings.

RESPONSE:

Plaintiff objects to the request as overbroad, unduly burdensome, and not reasonably likely to lead to the discovery of admissible evidence. Subject to the foregoing and general objections, Plaintiff will produce such responsive documents as may be located following a reasonable search

DOCUMENT REQUEST NO. 11:

All documents relating to any correspondence and agreements between TF Records and Trouble Funk's principals, in any part, and any other documents evidencing or reflecting an

agreement or understanding between TF Records and Trouble Funk's principals in any part regarding any of the Trouble Funk Musical Compositions and Sound Recordings.

RESPONSE:

Plaintiff objects to the request as overbroad, unduly burdensome, and not reasonably likely to lead to the discovery of admissible evidence. Subject to the foregoing and general objections, Plaintiff will produce such responsive documents as may be located following a reasonable search

DOCUMENT REQUEST NO. 12:

All documents relating to any correspondence and agreements between MCA Records and Trouble Funk's principals, in any part, and any other documents evidencing or reflecting an agreement or understanding between MCA Records and Trouble Funk's principals in any part regarding any of the Trouble Funk Musical Compositions and Sound Recordings.

RESPONSE:

Plaintiff objects to the request as overbroad, unduly burdensome, and not reasonably likely to lead to the discovery of admissible evidence. Subject to the foregoing and general objections, Plaintiff will produce such responsive documents as may be located following a reasonable search

DOCUMENT REQUEST NO. 13:

All documents relating to relating to or underlying the allegations by Plaintiff that the musical compositions and sound recordings of Defendants "effectively integrates" and "incorporates" the samples of Plaintiff as alleged in paragraphs 26, 27, 89, and 90 of the Amended Complaint.

RESPONSE:

Plaintiff objects to the request as overbroad, unduly burdensome, and not reasonably likely to lead to the discovery of admissible evidence. Subject to the foregoing and general objections, Plaintiff is not aware of documents that are responsive to this request other than Defendants' recordings themselves, which recordings speak for themselves.

DOCUMENT REQUEST NO. 14:

All documents relating to relating to underlying the allegations by Plaintiff that the musical composition and sound recording of Defendants "incorporates" and the sample of Plaintiff "[were] incorporated into the body of the Shadrach musical recording" as alleged in paragraphs 21 through 26 of the Amended Complaint.

RESPONSE:

Plaintiff objects to the request as overbroad, unduly burdensome, and not reasonably likely to lead to the discovery of admissible evidence. Subject to the foregoing and general objections, Plaintiff is not aware of documents that are responsive to this request other than Defendants' recordings themselves, which recordings speak for themselves.

DOCUMENT REQUEST NO. 15:

All documents relating to or underlying the allegations of any "careful audio analysis of the musical compositions and sound recordings" of Defendants alleged in paragraphs 25,39,52, and 64 of the Complaint.

RESPONSE:

Plaintiff objects to the request as overbroad, unduly burdensome, and not reasonably likely to lead to the discovery of admissible evidence. Subject to the foregoing and general objections, Plaintiff will produce such responsive documents as may be located following a reasonable search.

DOCUMENT REQUEST NO. 16:

All documents relating to any lawsuits, claims, cease and desist letters or complaints in which Plaintiff or Trouble Funk has alleged a violation of the rights of any other person or entity, including copyright infringement.

RESPONSE:

Plaintiff objects to the request as overbroad, unduly burdensome, and not reasonably likely to lead to the discovery of admissible evidence. Subject to the foregoing and general objections, Plaintiff will produce such responsive documents as may be located following a reasonable search.

DOCUMENT REQUEST NO. 17:

All documents and things relating to each and every audio recording of the Trouble Funk Musical Compositions and Sound Recordings, whether or not owned by Plaintiff: including, but not limited to the albums and recordings "Straight Up Funk Go-Go Style" and "Let's Get Small" referenced in paragraphs 13, 14, 15 and 17 of the Amended Complaint.

RESPONSE:

Plaintiff objects to the request as overbroad, unduly burdensome, and not reasonably likely to lead to the discovery of admissible evidence. Subject to the foregoing and general objections, Plaintiff will produce such responsive documents as may be located following a reasonable search.

DOCUMENT REQUEST NO. 18:

All documents relating to "Audio recordings of the sampled recordings and compositions at issue" maintained by TufAmerica in its books and records as alleged in Plaintiff's Fed. R. Civ.

P. 26(a) Disclosures.

RESPONSE:

Plaintiff objects to the request as overbroad, unduly burdensome, and not reasonably likely to lead to the discovery of admissible evidence. Subject to the foregoing and general objections, Plaintiff will produce such responsive documents as may be located following a reasonable search.

DOCUMENT REQUEST NO. 19:

All documents relating to Beastie Boys, including, but not limited to, any documents concerning, relating or referring to, or otherwise evidencing correspondence or contractual relationships between Plaintiff or Trouble Funk and Beastie Boys.

RESPONSE:

Plaintiff objects to the request as overbroad, unduly burdensome, and not reasonably likely to lead to the discovery of admissible evidence. Subject to the foregoing and general objections, Plaintiff is not presently aware of any responsive documents in its care, custody, or control but will nonetheless produce any such responsive documents as may be located following a reasonable search.

DOCUMENT REQUEST NO. 20:

All documents relating to TufAmerica's awareness of the Defendants and the release, performance and sale of the album "Paul's Boutique" and the musical composition and sound recording "Shadrach."

RESPONSE:

Plaintiff objects to the request as overbroad, indefinite, unduly burdensome, and not reasonably likely to lead to the discovery of admissible evidence. Subject to the foregoing and

general objections, Plaintiff will produce such responsive documents as may be located following a reasonable search.

DOCUMENT REQUEST NO. 21 :

All documents relating to Plaintiff's awareness of the Defendants and the release, performance and sale of the album "Paul's Boutique" and the musical composition and sound recording "Shadrach."

RESPONSE:

Plaintiff objects to the request as overbroad, unduly burdensome, and not reasonably likely to lead to the discovery of admissible evidence. Subject to the foregoing and general objections, Plaintiff will produce such responsive documents as may be located following a reasonable search.

DOCUMENT REQUEST NO. 22:

All documents relating to TufAmerica's awareness of the Defendants and the release, performance and sale of the album "Licensed to Ill" and the musical composition and sound recording "Hold It Now Hit It."

RESPONSE:

Plaintiff objects to the request as overbroad, unduly burdensome, and not reasonably likely to lead to the discovery of admissible evidence. Subject to the foregoing and general objections, Plaintiff will produce such responsive documents as may be located following a reasonable search.

DOCUMENT REQUEST NO. 23:

All documents relating to Plaintiff's awareness of the Defendants and the release, performance and sale of the album "Licensed to Ill" and the musical composition and sound

recording "Hold It Now Hit It."

RESPONSE:

Plaintiff objects to the request as overbroad, unduly burdensome, and not reasonably likely to lead to the discovery of admissible evidence. Subject to the foregoing and general objections, Plaintiff will produce such responsive documents as may be located following a reasonable search.

DOCUMENT REQUEST NO. 24:

All documents relating to alleged records maintained by Plaintiff of "registrations relating to the sampled recordings and compositions at issue" as set forth in Plaintiff's Fed. R. Civ. P. 26(a) Disclosures.

RESPONSE:

Plaintiff objects to the request as overbroad, unduly burdensome, and not reasonably likely to lead to the discovery of admissible evidence. Subject to the foregoing and general objections, Plaintiff will produce such responsive documents as may be located following a reasonable search.

DOCUMENT REQUEST NO. 25:

All documents, including, but not limited to, contracts, agreements, and registration records, concerning, relating or referring to, or otherwise evidencing the ownership of any of the rights to each of the Trouble Funk Musical Compositions and Sound Recordings.

RESPONSE:

Plaintiff objects to the request as overbroad, unduly burdensome, and not reasonably likely to lead to the discovery of admissible evidence. Subject to the foregoing and general

objections, Plaintiff will produce such responsive documents as may be located following a reasonable search.

DOCUMENT REQUEST NO. 26:

All documents, including, but not limited to, contracts, agreements, and registration records, concerning, relating or referring to, or otherwise evidencing the contractual relationships between Plaintiff and any music publisher or record company pertaining to any of the rights to each of the Trouble Funk Musical Compositions and Sound Recordings.

RESPONSE:

Plaintiff objects to the request as overbroad, unduly burdensome, unintelligible, and not reasonably likely to lead to the discovery of admissible evidence. Subject to the foregoing and general objections, Plaintiff will produce such responsive documents as may be located following a reasonable search.

DOCUMENT REQUEST NO. 27:

All documents concerning, relating or referring to, or otherwise evidencing correspondence or contractual relationships between Trouble Funk and any music publisher or record company pertaining to any of claim of rights in and to or exploitation of, the rights to each of the Trouble Funk Musical Compositions and Sound Recordings.

RESPONSE:

Plaintiff objects to the request as overbroad, unduly burdensome, and not reasonably likely to lead to the discovery of admissible evidence. Subject to the foregoing and general objections, Plaintiff will produce such responsive documents as may be located following a reasonable search.

DOCUMENT REQUEST NO. 28:

All documents, including, but not limited to, contracts, agreements, and registration records, concerning, relating or referring to, or otherwise evidencing the contractual relationships between Plaintiff and any music publisher or record company, including, but not limited to, Sugar Hill Records, D.E.T.T., Island Records, TF Records, Jamtu Records, T.T.E.D. Records, 4th & Broadway, pertaining to any of the rights to each of the Trouble Funk Musical Compositions and Sound Recordings.

RESPONSE:

Plaintiff objects to the request as overbroad, unduly burdensome, unintelligible, and not reasonably likely to lead to the discovery of admissible evidence. Subject to the foregoing and general objections, Plaintiff will produce such responsive documents as may be located following a reasonable search.

DOCUMENT REQUEST NO. 29:

All documents relating to Island Records.

RESPONSE:

Plaintiff objects to the request as overbroad, unduly burdensome, and not reasonably likely to lead to the discovery of admissible evidence. Subject to the foregoing and general objections, Plaintiff will produce such responsive documents that reasonably relate to the factual allegations set forth in the amended complaint as may be located following a reasonable search.

DOCUMENT REQUEST NO. 30:

All documents relating to D.E.T.T. Records.

RESPONSE:

Plaintiff objects to the request as overbroad, unduly burdensome, and not reasonably likely to lead to the discovery of admissible evidence. Subject to the foregoing and general objections, Plaintiff will produce such responsive documents that reasonably relate to the factual allegations set forth in the amended complaint as may be located following a reasonable search.

DOCUMENT REQUEST NO. 31:

All documents relating to T.T.E.D. Records.

RESPONSE:

Plaintiff objects to the request as overbroad, unduly burdensome, and not reasonably likely to lead to the discovery of admissible evidence. Subject to the foregoing and general objections, Plaintiff will produce such responsive documents that reasonably relate to the factual allegations set forth in the amended complaint as may be located following a reasonable search.

DOCUMENT REQUEST NO. 32:

All documents relating to Sugar Hill Records.

RESPONSE:

Plaintiff objects to the request as overbroad, unduly burdensome, and not reasonably likely to lead to the discovery of admissible evidence. Subject to the foregoing and general objections, Plaintiff will produce such responsive documents that reasonably relate to the factual allegations set forth in the amended complaint as may be located following a reasonable search.

DOCUMENT REQUEST NO. 33:

All documents relating to TF Records.

RESPONSE:

Plaintiff objects to the request as overbroad, unduly burdensome, and not reasonably likely to lead to the discovery of admissible evidence. Subject to the foregoing and general

objections, Plaintiff will produce such responsive documents that reasonably relate to the factual allegations set forth in the amended complaint as may be located following a reasonable search.

DOCUMENT REQUEST NO. 34:

All documents relating to 4th & Broadway Records.

RESPONSE:

Plaintiff objects to the request as overbroad, unduly burdensome, and not reasonably likely to lead to the discovery of admissible evidence. Subject to the foregoing and general objections, Plaintiff will produce such responsive documents that reasonably relate to the factual allegations set forth in the amended complaint as may be located following a reasonable search.

DOCUMENT REQUEST NO. 35:

All documents relating to Jamtu Records.

RESPONSE:

Plaintiff objects to the request as overbroad, unduly burdensome, and not reasonably likely to lead to the discovery of admissible evidence. Subject to the foregoing and general objections, Plaintiff will produce such responsive documents that reasonably relate to the factual allegations set forth in the amended complaint as may be located following a reasonable search.

DOCUMENT REQUEST NO. 36:

All documents relating to MCA Records.

RESPONSE:

Plaintiff objects to the request as overbroad, unduly burdensome, and not reasonably likely to lead to the discovery of admissible evidence. Subject to the foregoing and general objections, Plaintiff will produce such responsive documents that reasonably relate to the factual allegations set forth in the amended complaint as may be located following a reasonable search.

Dated: Sea Cliff, New York
November 12, 2013

_____/s/_____

Kelly D. Talcott
The Law Offices of Kelly D. Talcott
P.O. Box 43, 34 Grove Street
Sea Cliff, NY 11579-0043
v.516.515.1545
f.516.871.0682

Attorney for Plaintiff
TufAmerica, Inc.

## CERTIFICATE OF SERVICE

Kelly D. Talcott hereby affirms under penalties of perjury that on November 12, 2013, he caused to be served the attached **TUFAMERICA'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION** by delivering a copy thereof by electronic mail to counsel for defendant at the electronic mail addressed they have designated for that purpose, as follows:

Theodore C. Max  TMax@sheppardmullin.com
Valentina Shenderovich vshenderovich@sheppardmullin.com
Andrew Bart abart@jenner.com
Nathanial Benforado nbenforado@jenner.com

/s/
Kelly D. Talcott
