# EXHIBIT R

919 THIRD AVENUE  NEW YORK  NEW YORK  10022-3908                                    JENNER&BLOCK LLP

April 14, 2014

Andrew H. Bart
Tel  212 891-1645
Fax 212 891-1699
abart@jenner.com

**By Electronic and First Class Mail**

Kelly Talcott, Esq.
The Law Offices of Kelly D. Talcott
34 Grove Street
P.O. Box 43
Sea Cliff, NY 11579-0043

      Re:    <u>TufAmerica, Inc. v. Michael Diamond et al., 12 Civ. 3529 (AJN)</u>

Dear Kelly:

I write on behalf of all Defendants to this action, to reiterate the request made in my letter to you dated April 11, 2014, that your client, TufAmerica, withdraw the claims asserted in the Amended Complaint. As detailed in my letter, evidence produced in this action makes clear that the members of Trouble Funk had previously conveyed to other parties the rights it purportedly conveyed to TufAmerica in 1999. TufAmerica's claims are therefore barred by clear, uncontroverted facts, and continued maintenance of this action will violate Rule 11 of the Federal Rules of Civil Procedure.

While I accept your response that you have not had an opportunity to discuss the facts underlying our request with your clients, there is a preliminary indication in your response that you are thinking of trying to reframe the clear allegations of your complaint and requests to admit to escape the unavoidable conclusion that this case must be withdrawn. Let me be very clear about this. TufAmerica cannot now amend its pleadings and admissions, a week before the close of fact discovery, to avoid dismissal.

In this litigation, Plaintiff has taken the position that the infringed recording of "Say What" is the track appearing on DETT LP 1002; the "In Times of Trouble" album. In fact, TufAmerica has only produced one copyright registration for the recording "Say What" during discovery (TA212), which is for the recording of "Say What" that appears on that album. However, the uncontroverted evidence described in my April 11th letter establishes that the members of Trouble Funk expressly conveyed the rights to this master recording to Island.

Similarly, Plaintiff has taken the position that the infringed recording of "Let's Get Small" is the track appearing on 4th & Broadway 12 80 (single). As detailed in my April 11th letter, the 4th & Broadway 12 80 (single) was released by an Island subsidiary in 1987, while the members of Trouble Funk were under an exclusive agreement with T.T.E.D Records and Island. Plaintiff has

Kelly Talcott,
April 14, 2014
Page 2

relied on these recordings throughout this litigation, and cannot change its position now that Defendants have demonstrated that these recordings are not the property of the members of Trouble Funk, and Plaintiff does not have exclusive administration or licensing rights over these recordings.

In light of this clear evidence, this action must be dismissed. To give you and your clients time to separately assess the evidence, Defendants will not go forward with the depositions scheduled for this week as they would represent unnecessary and wasteful expense. However, we request that by noon on Wednesday, April 16th, you either withdraw this action or proffer evidence that provides a basis for continuing this case consistently with Rule 11 of the Federal Rules of Civil Procedure.

Sincerely yours,

Andrew H. Bart

cc: Theodore C. Max, Esq.