# EXHIBIT S

**Thomas Monahan**
_____

| | |
|---|---|
| **From:** | Kelly Talcott <kelly@kdtalcott.com> |
| **Sent:** | Wednesday, April 16, 2014 5:32 PM |
| **To:** | Nate Benforado |
| **Cc:** | Ted Max; abart@jenner.com; Thomas Monahan; Ken Anderson |
| **Subject:** | TufAmerica v. Diamond, et al. |

Dear Nate,

This responds to your letter of Monday, April 14 and further to your letter of April 11.
I have discussed the discovery materials referenced in those letters at length with my client and with one of the Trouble Funk members. I have not yet been able to connect with a second Trouble Funk member, or with the group's former counsel (Raphael Tisdale, whose name appears on UMG000171) who may also be able to shed light on some of these. My response today is thus unfortunately not complete, but in light of your request that I respond by today I am providing this update.

Both "Say What" and "Let's Get Small" were tracks issued by D.E.T.T. Records, a Maryland entity I am told was formed by four of the Trouble Funk band members. It is important to note that D.E.T.T. was not the same as T.T.E.D., which was a DC entity formed by Carl "Maxx" Kidd.

D.E.T.T. appears to have issued "Let's Get Small" in 1982, and "Say What" in 1983. Both recordings preceded the October 11, 1984 agreements (UMG000174 and UMG000167). To the extent the "Exclusive Recording Agreement" (UMG000174) is valid (and I have been given reason to doubt that it is, but am still investigating and am not ready to state a position on that document), both of those recordings and their compositions would fall under the provisions of its section 1.05, excluding from the agreement's scope master recordings and compositions that were recorded prior to the agreement.

It is also unclear that Island ever played any role in publishing "In Times of Trouble," the album that the purported "Exclusive Recording Agreement" claims was "accepted by Island." "In Times of Trouble" appears to have been released by D.E.T.T. (the Trouble Funk entity), not Island, and in 1983, before the agreements at issue were signed. (Note that while "Say What" appears on D.E.T.T.'s "In Times of Trouble," "Let's Get Small" does not.) At a minimum, there is a question as to what exactly "In Times of Trouble" included, and whether the earlier release of "Say What" by D.E.T.T. removes that track from the scope of any tracks that may have been covered by the purported "Exclusive Recording Agreement."

Also worth noting is that Messrs. Reed, Fisher, and Avery registered the copyright to "Let's Get Small" in 1983, noting a first publication date of 11/1/82, and registered the copyright to "Say What" in 1985, noting a first publication date of 12/29/83. Both publication dates are consistent with the reported release dates of the corresponding D.E.T.T. records.

There are two additional registrations of tracks bearing these same titles, each in the names of Ackee Music, Maxx Kidd's Music, and Hugabut Music -- one for "Let's Get Small" in 1986, noting a first publication date of April 9, 1985 in the UK, and one for "Say What" also in 1986, noting the same first publication date and place. Those registrations may relate to live versions of those works, which I am advised were recorded in the UK in that time frame. In any event, they are inconsistent with the earlier registrations by Reed, Fisher, and Avery.

1

You have taken the position that my earlier clarification -- or mis-clarification, as it may be -- of requests to admit that defendants had not fully answered is tantamount to an admission that is binding on TufAmerica. I do not agree that requests to admit are binding as admissions on the party making them. There is nothing in FRCP 36 to suggest this, and you have not provided any authority to suggest otherwise.

I have not investigated in any detail the purported post-1984 transfers that you have sent me. (Zee-Kid to Island; Island and Zee-Kid to Ackee and Maxx Kidd; and Ackee to Polygram) and take no position on them, except to point out that they each rely on the viability of the "Exclusive Recording Agreement." And I am not yet ready to state a position on that agreement.

TufAmerica is thus not prepared at this time to withdraw any of its pending claims in this matter. As I indicated, however, despite considerable efforts on my part I have not yet been able to speak to two individuals with original knowledge of the facts. I will continue to make those efforts through the balance of this week. I am aware that time is not on any of our sides, and as I advised Ted Max earlier, I have no intention of using this delay -- which I believe was necessary -- to put any party in a position where it is unable to take the discovery it believes it is reasonably entitled to in this case.

Your threats of a Rule 11 motion are noted. There are, as I have attempted to show you, a number of legitimate factual and legal questions that weigh against bringing such a motion.

The foregoing is without prejudice to any of TufAmerica's rights or remedies in this case.

Please let me know if you have any questions.

Best regards,

Kelly

--
**Kelly D. Talcott**
Law Offices of Kelly D. Talcott
34 Grove Street
P.O. Box 43
Sea Cliff, NY 11579-0043
(v) 516.515.1545
(f) 516.871.0682
Skype: kdtalcott
kelly@kdtalcott.com
www.kdtalcott.com

CONFIDENTIALITY NOTICE
This e-mail message is intended only for the individual or entity to which it is addressed. This e-mail may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, the fact that you have received it does not constitute permission for you to save or forward it. If you received this e-mail by accident, please notify the sender immediately and destroy this e-mail and all copies of it. We take steps to protect against viruses but advise you to carry out your own checks and precautions as we accept no liability for any which remain. We may monitor emails to ensure regulatory compliance to protect our clients and business.