UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                        :

TUFAMERICA, INC.,                    :

                                    :       Case No. 12 CV 3529 (AJN)

                        Plaintiff,     :

                                    :

                          v.             :

                                    :

MICHAEL DIAMOND, ADAM HOROVITZ,  :
and ADAM YAUCH, p/k/a BEASTIE BOYS,  :
UNIVERSAL MUSIC PUBLISHING, INC.,   :
UNIVERSAL MUSIC PUBLISHING GROUP,  :
BROOKLYN DUST MUSIC, and CAPITOL   :
RECORDS, LLC,                      :

                                    :

                    Defendants.   :
------------------------------------------------------------x


# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE BEASTIE BOYS DEFENDANTS' MOTION FOR ATTORNEY'S FEES AND COSTS


SHEPPARD MULLIN RICHTER & HAMPTON LLP
Theodore C. Max
Kenneth B. Anderson
Thomas Monahan
30 Rockefeller Plaza
New York, New York  10112
(212) 653–8700

*Counsel for Defendants Michael Diamond,*
*Adam Horovitz, the Estate of Adam Yauch,*
*p/k/a Beastie Boys and Brooklyn Dust Music*

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ...................................................................................1

ARGUMENT ............................................................................................................2

I.     THE BEASTIE BOYS DEFENDANTS HAVE ESTABLISHED THAT THEY
       ARE ENTITLED TO FEES AND COSTS UNDER THE COPYRIGHT ACT ...............2

       A.     TufAmerica's Litigation Conduct Was Objectively Unreasonable ........................2

       B.     An Attorney's Fees Award Is Necessary To Compensate The Beastie Boys
              Defendants and Deter TufAmerica And Other Serial Copyright Trolls .................5

II.    THE BEASTIE BOYS DEFENDANTS' ATTORNEY'S FEES AND COSTS
       ARE REASONABLE AND SHOULD BE AWARDED IN FULL ..................................7

CONCLUSION........................................................................................................9

# TABLE OF AUTHORITIES

Cases                                                                                            Page(s)

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*
    369 F.3d 91 (2d Cir. 2004) ........................................................................................9

*Attia v. Soc'y of New York Hosp.*
    12 F. App'x 78 (2d Cir. 2001) .................................................................................6

*Baker v. Urban Outfitters, Inc.*
    431 F. Supp. 2d 351 (S.D.N.Y. 2006) ..............................................................4, 5, 6

*Chivalry Film Prods. v. NBC Universal, Inc.*
    2007 WL 4190793 (S.D.N.Y. Nov. 27, 2007) ...................................................4, 6

*Davis v. Blige*
    505 F.3d 90 (2d Cir. 2007) ..................................................................................1, 3

*Effie Film, LLC v. Pomerance*
    2013 WL 1759560 (S.D.N.Y. Apr. 24, 2013) ........................................................4

*Fogerty v. Fantasy, Inc.*
    510 U.S. 517 (1994) ......................................................................................3, 5, 6

*Hont v. Willis Group Holdings Ltd.*
    2008 WL 1166309 (S.D.N.Y. April 7, 2008) ........................................................7

*J.S. Nicol, Inc. v. Peking Handicraft, Inc.*
    2008 WL 4613752 ....................................................................................................9

*Knitwaves, Inc. v. Lollytogs Ltd.*
    1996 WL 99379 (S.D.N.Y. Mar. 7, 1996) *aff'd,* 104 F.3d 353 (2d Cir. 1996) .........4

*Knitwaves, Inc. v. Lollytogs, Ltd.*
    71 F.3d 996 (2d Cir. 1995) .....................................................................................3

*Kroll-O'Gara Co. v. First Defense Int'l, Inc.*
    2000 WL 369721 (S.D.N.Y. April 11, 2000) ........................................................3

*Lenihan v. City of N.Y.*
    640 F. Supp. 822 (S.D.N.Y. 1986) .........................................................................7

*Meriwether v. Coughlin*
    727 F. Supp. 823, 827 (S.D.N.Y. 1989) .................................................................7

*Miele v. N.Y. State Teamsters Conf. Pension & Ret. Fund*
    831 F.3d 407 (2d Cir. 1987) ...................................................................................8

<u>Cases</u>                                                                                      <u>Page(s)</u>

*N.Y. State Ass'n for Retarded Children, Inc. v. Carey*
    711 F.2d (2d Cir. 1983) ........................................................................................7

*Nicholls v. Tufenkian Imp./Exp. Ventures, Inc.*
    2005 WL 1949487 (S.D.N.Y. Aug. 11, 2005) ......................................................4

*OZ Management LP v. Ozdeal Investment Consultants, Inc.*
    2010 WL 5538552 (S.D.N.Y. Dec. 6, 2010) ........................................................8

*Polsby v. St. Martin's Press, Inc.*
    No. 97 CIV. 690 (MBM), 2000 WL 98057 (S.D.N.Y. Jan. 18, 2000) ...................6

*Tuff 'N' Rumble Mgm't, Inc. d/b/a Tuff City Records v. Profile Records, Inc.*
    1997 WL 470114 (S.D.N.Y. Aug. 15, 1997) .........................................................5

<u>Other Authorities</u>                                                                           <u>Page(s)</u>

17 U.S.C. § 505 ............................................................................................... 1, 2, 5, 6

The Beastie Boys Defendants, by their attorneys, Sheppard Mullin Richter & Hampton LLP, respectfully submit this reply memorandum of law and accompanying Reply Declaration of Theodore C. Max (the "Max Reply Dec.") in further support of their motion for an award of attorney's fees and costs.

## PRELIMINARY STATEMENT

There is no question that TufAmerica instituted this action without performing any due diligence to determine whether it had standing to assert the claims it made against the Beastie Boys Defendants as the exclusive licensee of the three copyright owners of the works at issue. Had TufAmerica performed the basic due diligence necessary to comply with its obligations before filing the Complaint, it would have known that TufAmerica lacked standing to bring the action against Defendants. In fact, TufAmerica should have known because it was a party to the agreements that this Court relied upon in holding that TufAmerica lacked standing to bring the claims in this action (the 1999 and 2012 Agreements).

Without disputing these facts, TufAmerica appears to contend that because it tried but failed to secure standing through two separate agreements with Messrs. Reed and Fisher, and one with Mr. Avery, its conduct cannot be considered unreasonable. That is not supported by this Court's holding and the clear legal precedent that a non-exclusive license and a bare right to sue do not confer standing under the Copyright Act. *Davis v. Blige*, 505 F.3d 90, 101 (2d Cir. 2007). In addition, TufAmerica ignores the undisputed fact that it persisted in maintaining this litigation even after Defendants provided it with notice that the 1999 and 2012 Agreements failed to confer standing. TufAmerica also continued this action in the face of clear documentary evidence that the rights that were purportedly conveyed in the 1999 and 2012 Agreements had already been granted to Island decades earlier. Under such circumstances, TufAmerica's conduct in

maintaining this action is frivolous and objectively unreasonable and, as a result, the Beastie Boys Defendants are entitled to fees.

TufAmerica also argues that an award of fees and costs would not further the purposes of the Copyright Act. But in this case an award of costs, including attorney's fees, would do exactly that. TufAmerica is a copyright troll and serial litigant. An award of fees and costs is the appropriate consequence of TufAmerica filing and maintaining this action without having standing to do so. Such an award under these circumstances would advance deterrence and considerations of compensation under the Copyright Act.

Finally, TufAmerica argues that the Beastie Boys Defendants fees are excessive, without specifying how any of the fees incurred were unreasonable. Contrary to TufAmerica's arguments, the Beastie Boys Defendants pursued the defense of this action efficiently and cost-effectively. In fact, it was Defendants who requested bifurcation of liability and damages, and delaying additional fact and expert discovery until the standing issue was fully developed and briefed to reduce the costs and expenses incurred in this action. TufAmerica's disagreement regarding the reasonable costs and expenses incurred in defending this action should also be rejected. Accordingly, the Beastie Boys Defendants motion for costs, including attorney's fees under Section 505 of the Copyright Act should be granted.

## ARGUMENT

## I. THE BEASTIE BOYS DEFENDANTS HAVE ESTABLISHED THAT THEY ARE ENTITLED TO FEES AND COSTS UNDER THE COPYRIGHT ACT

### A. TufAmerica's Litigation Conduct Was Objectively Unreasonable

TufAmerica argues that taking the legally untenable position that the non-exclusive 1999 Agreements gave it standing was not unreasonable, because it had made efforts to secure standing with a second non-exclusive agreement before bringing this lawsuit. (Opp. at 5.) The

case law precedent was and is well-established that failure to obtain an exclusive license is fatal to standing and precludes maintaining a copyright infringement action. (Summary Judgment Order (Dkt. No. 101) at 6-10); *Davis*, 505 F.3d at 101. Due diligence necessary prior to initiating this action included a review of the 1999 and 2012 Agreements and the conclusion that those Agreements do not confer standing. There is no question that TufAmerica either failed to conduct that necessary legal and factual due diligence, or, worse, ignored the results of such due diligence. TufAmerica now does not argue that it lacked standing, only that it tried and failed. TufAmerica also completely failed, even in response to this motion, to state what, if any, due diligence was performed before the Complaint was filed. The facts are clear. At their depositions, neither Mr. Fuchs nor Mr. Scott could recall what due diligence was performed or whether any investigation was done related to the Island Agreement. (*See* Opening Brief at 4.) The only conclusion one can make is that no due diligence was performed or that it was performed and ignored.

The case law cited by TufAmerica does not support its position that its complete failure to conduct due diligence was not objectively unreasonable. Indeed, the authority cited by TufAmerica fails to rebut the established precedent that an award of attorney's fees in copyright cases is "the rule rather than the exception and [they] should be awarded routinely." *Kroll-O'Gara Co. v. First Defense Int'l, Inc.*, 2000 WL 369721, at \*1 (S.D.N.Y. April 11, 2000). TufAmerica further cites *Knitwaves, Inc. v. Lollytogs, Ltd.*, 71 F.3d 996 (2d Cir. 1995) as a case where fees were denied, however, in that case the attorney's fees award was vacated and remanded because the district court failed to consider the factors set forth in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). Upon remand, after the district court had applied the *Fogerty* factors,

the award of attorney's fees was reinstated. *Knitwaves, Inc. v. Lollytogs Ltd.*, 1996 WL 99379, at *1 (S.D.N.Y. Mar. 7, 1996) *aff'd,* 104 F.3d 353 (2d Cir. 1996).

Similarly, in *Chivalry Film Prods. v. NBC Universal, Inc.*, 2007 WL 4190793, at *3 (S.D.N.Y. Nov. 27, 2007), another case upon which TufAmerica relies, the district court found the Plaintiff's conduct to be unreasonable and awarded attorney's fees where "[t]he complete lack of any reasonable basis for plaintiff's copyright claim thus establishes that his claim was frivolous and objectively unreasonable, and an award of fees and costs is appropriate here." *Id.*[1] Here, as the Summary Judgment Order made clear, TufAmerica had no reasonable basis for its copyright claim, because it lacked standing to sue. In fact, TufAmerica's failure to conduct due diligence before bringing this action and refusal to dismiss its claims in face of the 1999 and 2012 Agreements, and the Island Agreements demonstrates that TufAmerica's conduct was unreasonable. *See Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 357 (S.D.N.Y. 2006) (awarding fees where lawsuit was prosecuted in bad faith and legal contentions advanced by the plaintiff were frivolous or objectively unreasonable).

TufAmerica argues that the fact that Messrs. Reed, Fisher and Avery had decades earlier conveyed away the rights that they purported to grant to TufAmerica in the 1999 and 2012 Agreements was not dispositive to the Summary Judgment Order, and is therefore irrelevant to a determination of whether TufAmerica maintained frivolous positions in this action. That position is contrary to the law, as courts may consider several non-dispositive factors in determining whether a litigant's position was frivolous, such as the plaintiff's motivation for the

---

[1] TufAmerica's reliance on *Effie Film, LLC v. Pomerance*, 2013 WL 1759560 (S.D.N.Y. Apr. 24, 2013), and *Nicholls v. Tufenkian Imp./Exp. Ventures, Inc.*, 2005 WL 1949487 (S.D.N.Y. Aug. 11, 2005) is equally misplaced. In each of those cases, the plaintiffs' claims dealt with ambiguous and factually-specific questions of whether the works at issue were sufficiently similar and whether the alleged defendants had access to the original work in order to prove copying. Such complex factual questions were not present here, where the very agreements that TufAmerica signed and relied upon deprived it of standing to bring the claims in this action under well-settled Second Circuit law.

lawsuit and the legal contentions advanced. *Id.* Here, while the Court did not ultimately rule that the rights for which TufAmerica purported to assert claims had been conveyed to Island decades earlier, the clear language of the Island Agreements establishes this fact. (Max Dec. Ex. D.) In fact, when TufAmerica made its initial demand to Defendants in March 2010, TufAmerica had not even obtained the non-exclusive license from Avery, which was granted in 2012. (*Compare* Max. Dec. Ex. I *with* Ex. C.) TufAmerica's complete failure to obtain the rights that it purported to sue under, which should have been discovered but for TufAmerica's total lack of due diligence, clearly constituted frivolous litigation conduct. Accordingly, the Beastie Boys should be awarded their attorneys' fees and costs.

### B. An Attorney's Fees Award Is Necessary To Compensate The Beastie Boys Defendants and Deter TufAmerica And Other Serial Copyright Trolls

While the Beastie Boys Defendants have established that TufAmerica was objectively unreasonable in pursuing its claims without standing, such a finding is not a condition precedent to a fee award under the Copyright Act. Indeed, the award of attorney's fees here would be consistent with the purposes of the Copyright Act to compensate the Beastie Boys Defendants for having to defend against these baseless claims and deter TufAmerica and other similar copyright trolls from initiating future infringement actions without basis. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 & n. 19 (1994). This is particularly true in light of the fact that TufAmerica is a serial copyright litigant having initiated at least 27 such copyright litigations, including this one, since 1999 with those actions representing a significant portion of TufAmerica's revenue. (Max Dec. Ex. E, Ex. H at 153-154.) Moreover, this is not the first time that TufAmerica has failed to conduct proper due diligence. Attorney's fees were awarded against TufAmerica's subsidiary for failing to conduct due diligence regarding "the law or facts involved in its claims." *See Tuff 'N' Rumble Mgm't, Inc. d/b/a Tuff City Records v. Profile*

*Records, Inc.*, 1997 WL 470114, at *1 (S.D.N.Y. Aug. 15, 1997). As a result, an award of fees and costs here would satisfy the dual purposes of the Copyright Act by compensating the Beastie Boys Defendants for the fees and costs incurred while also deterring a serial litigant from asserting claims without conducting any due diligence. *Baker*, 431 F. Supp. 2d at 359-60 ("an award of costs and fees is crucial here, so as to deter this plaintiff, and other similarly situated plaintiffs, from bringing unreasonable claims based on a cost/benefit analysis that tells such plaintiffs that they can score big if they win and that there will be no adverse consequences if they lose.").

Finally, to the extent that TufAmerica is subject to what it describes as a "devastating financial loss" (Opp. at 9) as a result of its own preventable frivolous litigation conduct, that is not relevant to whether the Beastie Boys Defendants are entitled to an attorney's fees award. *See Chivalry Film Prods.*, 2007 WL 4190793, at *3 ("*Fogerty* did not specifically deem the 'relative financial resources of the parties' to be a relevant factor in considering whether to award fees under the Copyright Act.") In fact, courts in this Circuit have routinely awarded fees to a prevailing copyright defendant without taking into account the financial impact such an award would have on the defeated plaintiff. *Id.*; *Polsby v. St. Martin's Press, Inc.*, No. 97 CIV. 690 (MBM), 2000 WL 98057, at *3 (S.D.N.Y. Jan. 18, 2000); *see also Attia v. Soc'y of New York Hosp.*, 12 F. App'x 78, 79 (2d Cir. 2001). This is particularly true where, like here, the party who fees are awarded against is a serial litigant. *Polsby*, 2000 WL 98057, at *3 ("Based on the objective lack of merit in this case, and the apparent need to deter plaintiff's campaign of litigation, some award of costs and fees is appropriate.")

## II. THE BEASTIE BOYS DEFENDANTS' ATTORNEY'S FEES AND COSTS ARE REASONABLE AND SHOULD BE AWARDED IN FULL

TufAmerica requests a reduction of the fees sought by the Beastie Boys Defendants without setting forth any viable basis to do so. While TufAmerica complains that the terms of the fee arrangement between the Beastie Boys Defendants and Sheppard Mullin have not been established, the monthly invoices to the Beastie Boys Defendants clearly establish that they have been billed for Sheppard Mullin's time on an hourly basis. Indeed, as set forth in the Max Reply Declaration (at ¶ 2), the Beastie Boys have agreed to pay all fees and costs invoiced whether or not Sheppard Mullin is successful on this motion.

TufAmerica's objections regarding block billing or time entries that it contends are "vague" are not supported by the law. Block billing clearly satisfies the requirements of *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d, 1136, 1154 (2d Cir. 1983), which simply requires time entries to specify "the date, the hours expended, and the nature of the work done." Time entered in this manner is clearly recoverable. *See, e.g., Hont v. Willis Group Holdings Ltd.*, 2008 WL 1166309, at *6 (S.D.N.Y. April 7, 2008); *Meriwether v. Coughlin*, 727 F. Supp. 823, 827 (S.D.N.Y. 1989) ("multiple entries comply with the Second Circuit's requirement of specificity"). Moreover, where allegedly vague time entries are made clear by the entries that follow them, *i.e.* "prepare for deposition" is followed by an entry for that deposition, the time is properly recoverable. *Lenihan v. City of N.Y.*, 640 F. Supp. 822, 826 (S.D.N.Y. 1986). In any event, the only purportedly "vague" entry for time sought by the Beastie Boys Defendants that TufAmerica complains about is entirely clear. The .02 hours billed by Kenneth Anderson clearly relates to a  brief communication regarding the status of the case with his colleague Mr. Max and Mr. Anderson's further communication with Capitol Records. Under these circumstance, no reduction should be allowed for such time entries. Furthermore,

TufAmerica should be denied its request to "more fully address" those time entries in the event this Court grants this motion, having failed to do so here.

TufAmerica's argument that Sheppard Mullin has not demonstrated that its hourly rates are reasonable is baseless. The Max Declaration contains extensive evidentiary support for the reasonableness of Sheppard Mullin's fees as well as a copy of the 2014 National Law Journal Billing Survey, which lists hourly billing rates for 169 of the nation's 350 largest law firms. (Max Dec. Ex. Z, ¶¶ 38-39.)[2] TufAmerica's argument that the Billing Survey is not reliable because it only reflects rates from 28 New York-based firms is without merit. If anything, a lower ratio of New York-based firms actually benefits TufAmerica by skewing the results of the survey down due to the fact that New York is the highest priced market for legal services in the country. Rates similar to those sought by the Beastie Boys Defendants were found to be reasonable and awarded to similarly experienced intellectual property counsel five years ago. *See OZ Management LP v. Ozdeal Investment Consultants, Inc.*, 2010 WL 5538552, at *3 (S.D.N.Y. Dec. 6, 2010) (finding $657 hourly rate for partner with 20 years of experience was reasonable). In any event, this Court may rely on its own knowledge of private firms' current hourly rates in determining a reasonable rate. *See Miele v. N.Y. State Teamsters Conf. Pension & Ret. Fund*, 831 F.3d 407, 409 (2d Cir. 1987).

Finally, TufAmerica's objections regarding the costs sought by the Beastie Boys Defendants have no merit.[3] TufAmerica contends that the $1,849.47 charged for "Additional Hours" related to the deposition of Aaron Fuchs, however, as the invoice for those charges

---

[2] While TufAmerica cryptically objects that the Billing Survey may not be used ostensibly because it is copyrighted, Sheppard Mullin has a license to use the Billing Survey in connection with litigation, which it purchased from ALM Media, LLC in March 2015.

[3] On May 12, 2015, the Clerk of the Court taxed $3,214.40 in costs in favor of the Beastie Boys Defendants against TufAmerica. The Beastie Boys Defendants' are not seeking recovery for costs that have already been taxed and reduce their request for costs in this motion to $11,553.29.

reflects, they relate to video deposition fees that were incurred in connection with Mr. Fuchs's deposition. (Max Reply Dec. Ex. 1.) TufAmerica cites no authority for the proposition that such costs are not recoverable. The costs associated with online legal research are also appropriately sought from TufAmerica. *See J.S. Nicol, Inc. v. Peking Handicraft, Inc.*, 2008 WL 4613752, at *18; *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany,* 369 F.3d 91, 97-98 (2d Cir. 2004) ("If [plaintiff's counsel] normally bills its paying clients for the cost of online research services, that expense should be included in the fee award.").

## CONCLUSION

For the foregoing reasons, as well as those set forth in the Beastie Boys Defendants' moving papers, the Beastie Boys Defendants respectfully request that the Court grant their motion for attorney's fees and costs in its entirety, together with such other and further relief as the Court may deem just and proper.

Dated: New York, New York
        May 21, 2015

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: _____/s/ Theodore C. Max_____
    Theodore C. Max, Esq. (TM-1742)
    Kenneth B. Anderson, Esq. (KA-9923)
    Thomas M. Monahan, Esq. (TM-1984)
    30 Rockefeller Plaza
    New York, New York 10112
    Tel:    (212) 653-8700
    Fax:    (212) 653-8701

    *Attorneys for Defendants*
    *Michael Diamond, Adam Horovitz,*
    *the Estate of Adam Yauch, p/k/a Beastie Boys*
    *and Brooklyn Dust Music*