UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

TUFAMERICA, INC.,

Case No. 12 CV 3529 (AJN)

Plaintiff,

v.

MICHAEL DIAMOND, ADAM HOROVITZ,
and ADAM YAUCH, p/k/a BEASTIE BOYS,
UNIVERSAL MUSIC PUBLISHING, INC.,
UNIVERSAL MUSIC PUBLISHING GROUP,
BROOKLYN DUST MUSIC, and CAPITOL
RECORDS, LLC,

Defendants.

-----------------------------------------------------------x


**MEMORANDUM OF LAW OF MICHAEL DIAMOND, ADAM HOROVITZ, AND
ADAM YAUCH, p/k/a BEASTIE BOYS, AND BROOKLYN DUST MUSIC
IN OPPOSITION TO PLAINTIFF TUFAMERICA, INC.'S
MOTION FOR RECONSIDERATION**

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Theodore C. Max
Kenneth Anderson
Thomas Monahan
30 Rockefeller Plaza
New York, NY  10112
(212) 653-8700

*Counsel for Defendants Michael Diamond, Adam
Horovitz, the Estate of Adam Yauch, p/k/a Beastie Boys
and Brooklyn Dust Music*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ............................................................................1

STATEMENT OF FACTS.................................................................................3

ARGUMENT .........................................................................................6

A.    Having Conceded That Defendants Were The "Prevailing Party" Under
      The Copyright Act In Opposition To The Motion For Attorneys' Fees,
      TufAmerica Should Not Be Permitted To Raise This Issue For the First
      Time Now..........................................................................9

B.    TufAmerica's Agreement With James Avery Is Not Properly Raised In
      Connection With This Motion ...........................................................13

C.    TufAmerica's Contention That Plaintiff Is Financially Weak Was
      Previously Argued And There Is No "Newly Discovered" Evidence ..................14

CONCLUSION...........................................................................16

# TABLE OF AUTHORITIES

Page(s)

Cases

Anwar v. Fairfield Greenwich Ltd.
 800 F. Supp. 2d 571 (S.D.N.Y. 2011) ..................................................................................7

Barnet v. Drawbridge Special Opportunities Fund LP
 No. 14-cv-1376, 2014 WL 5334066 (S.D.N.Y. Oct. 17, 2014).............................................10

Borouchov v. Strobel
 1995 WL 598978 (S.D.N.Y. October 10, 1995) ....................................................................10

Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health and
 Human Resources
 532 U.S. 598 121 S. Ct. 1835, 149 L. Ed 2d 855 (2001) ......................................................10

Chivalry Film Productions v. NBC Universal, Inc.
 No. 05-cv-5627, 2007 WL 4190793 (S.D.N.Y. Nov. 27, 2007)............................................15

Contractual Obligation Productions, LLC v. AMC Networks, Inc.
 546 F. Supp. 2d 120 (S.D.N.Y. 2008) ..................................................................................12

CRST Van Expedited, Inc. v. E.E.O.C.
 No. 14-cv-1375, 578 U.S. __ (May 19, 2016) ......................................................................11

Dattner v. Conagra Foods, Inc.
 458 F.3d 98 (2d Cir. 2006) ..................................................................................................11

Ecogen, LLC v. Town of Italy
 461 F. Supp. 2d 100 (W.D.N.Y. 2006).................................................................................11

EMI Entertainment World, Inc. v. Karen Records, Inc.
 2015 U.S. Dist. LEXIS 48148 (S.D.N.Y. February 27, 2015) ..............................................12

Farez-Espinoza v. Napolitano
 No. 08 Civ. 11060, 2009 WL 1118098 (S.D.N.Y. Apr. 27, 2009) .........................................6

In re Health Mgmt. Sys. Inc. Sec. Litig.
 113 F. Supp. 2d 613 (S.D.N.Y. 2000) ...................................................................................6

Hyperquest, Inc. v. N'Site Solution, Inc.
 559 F. Supp. 2d 918 (N.D. Ill. 2008), aff'd, 632 F.3d 377 (7th Cir. 2011) ...........................10

Intellivision v. Microsoft Corp.
 484 Fed. App'x 616 (2d Cir. 2012) ......................................................................................10

Magder v. Lee
    14-cv-8461, 2015 WL 4887551 (S.D.N.Y. Aug. 17, 2015) ..................................................11

Marrero Pichardo v. Ashcroft
    374 F.3d 46 (2d Cir. 2004) .....................................................................................................6

Maware v. Citco Fund Services (USA) Inc.
    No. 09-cv-1342, 2011 WL 6779319 (S.D.N.Y. Sep. 16, 2011) ...........................................11

New Hampshire v. Maine
    532 U.S. 742 (2001) ............................................................................................................10

Newton v. City of New York
    738 F. Supp. 2d 397 (S.D.N.Y. 2010) ......................................................................... 7, 10, 14

Nutter v. Clear Channel Communications, Inc.
    2006 U.S. Dist. LEXIS 25028 (N.D. W. Va. February 15, 2006) .........................................11

Polsby v. St. Martin's Press, Inc.
    No. 97-cv-690, 2001 WL 180124 (S.D.N.Y. Feb. 22, 2001) ................................................15

R.F.M.A.S., Inc. v. Mimo So.
    640 F. Supp. 2d 506 (S.D.N.Y. 2009) .............................................................7, 8, 10, 13, 14

Ritani, LLC v. Aghjayan
    970 F. Supp. 2d 232 (S.D.N.Y. 2013) ..................................................................................11

Sassower v. Field
    973 F.2d 75 (2d Cir. 1992) ..................................................................................................15

Simplexgrinnell Lp. v. Integrated Systems & Power, Inc.
    642 F. Supp. 2d 206 (S.D.N.Y. 2009) ....................................................................................8

Toliver v. County of Sullivan
    957 F.2d 47 (2d Cir. 1992) ..................................................................................................15

Tuff 'N' Rumble Mgm't, Inc. d/b/a Tuff City Records v. Profile Records, Inc.
    1997 WL 470114 (S.D.N.Y. Aug. 15, 1997)......................................................................5, 9

Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.
    956 F.2d 1245 (2d Cir. 1992)..................................................................................................7

Wells Fargo Bank, N.A. v. Ullah
    2014 U.S. Dist. LEXIS 69946 (S.D.N.Y. May 21, 2014) ............................................... 12, 13

Wright v. Storch, Amini & Munves, P.C.
    No. 12-cv-2852, 2014 WL 5781056 (S.D.N.Y. Nov. 6, 2014) ....................................... 11, 12

Statutes

Copyright Act § 505....................................................................................... 1, 5, 8, 12

Other Authorities

Federal Rule of Civil Procedure 59.................................................................................6

Local Civil Rule 6.3 .......................................................................................*passim*

5 NIMMER ON COPYRIGHT, § 14.10 ...........................................................................11

Federal Rule of Civil Procedure 60.................................................................................2

10 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2667 (3d ed.) ...........................12

Defendants Michael Diamond, Adam Horovitz, the Estate of Adam Yauch, and Brooklyn Dust Music (collectively, the "Beastie Boys Defendants"), by their attorneys, Sheppard Mullin Richter & Hampton LLP ("Sheppard Mullin"), respectfully submit this memorandum of law in opposition to Plaintiff TufAmerica, Inc.'s Motion for Reconsideration (the "Reconsideration Motion").

## PRELIMINARY STATEMENT

On March 9, 2016, this Court issued a Memorandum and Order (the "Fees Order") (Dkt. No. 124) awarding attorneys' fees and costs to the Beastie Boys Defendants and their co-defendants (the "UMG Defendants," collectively referred to as "Defendants"). The Order found that Defendants were the prevailing parties under Section 505 of the Copyright Act. This issue was not disputed in connection with Defendants' motions for attorneys' fees and costs (the "Fees Motions"). In the Fees Order, the Court ruled that the claims brought by plaintiff TufAmerica, Inc. ("TufAmerica") were objectively unreasonable because TufAmerica never acquired the right to bring the claims in this action. The Court further ruled that an award of attorneys' fees and costs would further the purposes of the Copyright Act "by deterring the filing and pursuit of lawsuits in which chain of title has not been adequately investigated by the plaintiff." (Fees Order at 5.) In the Fees Order, this Court awarded $591,274.79 in attorneys' fees and $11,553.29 in costs to the Beastie Boys Defendants, and $234,670.25 in attorneys' fees and $8,098.90 in costs to the UMG Defendants.

On March 23, 2016, the day that a motion for reconsideration was due pursuant to Local Civil Rule 6.3, TufAmerica's newly retained counsel, Zarin & Associates P.C., requested a thirty-day extension of time within which to file its motion. The Court granted its application, and on April 22, 2016, TufAmerica filed its motion for reconsideration pursuant to Local Civil Rule 6.3. Days before the extended deadline within which to file its motion, TufAmerica

purportedly secured "an exclusive license from [James] Avery" and "now ha[ve] standing to proceed with its copyright infringement claims." (Memorandum of Law in Support of the Reconsideration Motion at 5.) TufAmerica now argues that its reconsideration motion should be granted because: (1) Defendants are not "prevailing parties" in this action (an issue TufAmerica did not dispute in connection with the Fees Motions); and (2) The Court erred by failing to consider: (a) the degree of Defendants' success in this action; and (b) TufAmerica's weak financial status relative to the Defendants (facts that were available to TufAmerica, but it did not raise in connection with the Fees Motions). Ultimately, TufAmerica's new counsel seeks something which Rule 60 and Local Civil Rule 6.3 do not permit—another chance to litigate this case.

TufAmerica's motion should be denied because: (a) as TufAmerica conceded on the Fees Motions and this Court ruled, there is no question that Defendants are the "prevailing parties," and (b) Plaintiff TufAmerica's argument and factual proffer regarding its financial weakness is merely an attempt to advance a theory that was argued in conclusory fashion in connection with the Fees Motions and rejected by the Fees Order, and now proffer financial evidence which it possessed at the time but did not introduce. The Court's lengthy and carefully written decision clearly sets forth the basis for the Court's order, including making plain that TufAmerica did not dispute that defendants were the "prevailing parties" for purposes of the motion and rejecting TufAmerica's argument that granting Defendants' motion for attorneys' fees would chill future smaller litigants whose rights have been ignored by much larger, more well-financed defendants.

TufAmerica's request for reconsideration is further undermined by its submission of a purported new agreement from James Avery. On its face, this new agreement is wholly

irrelevant to the instant motion since the motion seeks reconsideration of an award of legal fees, not the underlying award of summary judgment. However, the submission of this purported new agreement underscores why the award of attorneys' fees was equitable and just. TufAmerica never had the rights it purported to sue under when it initiated this action in 2012. Nonetheless, it forced the Defendants to submit to years of pointless litigation and to incur hundreds of thousands of dollars in fees simply because it did not do its homework and investigate its chain of title before beginning suit. Putting aside the issue of whether this purported new agreement cures its lack of standing or has any legal impact after the determinations of this Court, TufAmerica is properly responsible for the needless expense it imposed on the Defendants and the needless burden it imposed on this Court. It is beyond dispute that this agreement that TufAmerica created after the Fees Order was entered does not constitute new evidence. TufAmerica has not specified any legitimate justification for reconsidering the Fees Order, and there is no reason to re-litigate the motion simply because new counsel has been retained.

## STATEMENT OF FACTS

The Beastie Boys Defendants and their co-defendants have prevailed against TufAmerica in every facet of this case. In response to TufAmerica's December 6, 2012 Amended Complaint (Dkt. No. 25), Defendants filed a motion to dismiss on the grounds that the infringement alleged by TufAmerica fell below the requisite quantitative and qualitative threshold. By a September 10, 2013 Opinion and Order (the "Dismissal Order") (Dkt. No. 43), this Court granted Defendants' motion to dismiss as to six of the eight claims in the Amended Complaint. The parties then proceeded to discovery on TufAmerica's remaining claims. Through discovery in this action, Defendants uncovered evidence that TufAmerica never acquired the rights necessary to pursue this action. Upon discovering this evidence, the Beastie Boys Defendants and the UMG Defendants each made respective motions for summary judgment.

As this Court ruled in its March 24, 2015 Memorandum and Order granting summary judgment to Defendants (the "Summary Judgment Order") (Dkt. No. 101), TufAmerica failed to acquire the rights necessary to maintain the claims asserted in this action. At the time TufAmerica commenced this action, it had entered into two purportedly "exclusive" copyright administration agreements with members of the band Trouble Funk, Robert Reed and Tony Fisher (the "1999 TufAmerica Agreements"). (See the April 9, 2015 Declaration of Theodore C. Max in Support of the Fees Motion (the "Max Dec.") (Dkt. No. 108) at Exs. A-B.)[1] Those agreements made clear that TufAmerica had no basis to assert the claims alleged in this action. The 1999 TufAmerica Agreements did not include James Avery, an admitted co-owner of the copyrights that were the subject of those agreements. In 2012, TufAmerica entered into a separate agreement with James Avery (the "2012 Agreement"), that purported to exclusively license "his right to sue and recover on all accrued and future causes of action in connection with" the copyrights at issue in this case. (Max Dec. Ex. C.) The 2012 Agreement failed to even specify the recordings or agreements that it purported to convey to TufAmerica. (Id.) As set forth in the Summary Judgment Order, even if Messrs. Reed, Fisher and Avery had the rights that they purported to convey under the 1999 and 2012 Agreements, those Agreements failed to convey to TufAmerica the exclusive license required to maintain this action as the 2012 Agreement merely conveyed a bare right to sue. (Summary Judgment Order at 7-10.)

TufAmerica is no stranger to initiating copyright litigation, having initiated at least twenty-seven such copyright litigations since 1999, including this one. (Max Dec. Ex. E.) At

---

[1] As the Beastie Boys Defendants intend to rely on certain evidence that they submitted in connection with their Fees Motion, a courtesy copy of the Max Dec. with the exhibits referenced in this memorandum of law will be submitted in accordance with Section 3.D. of this Court's Individual Practices.

the time TufAmerica initiated this action, it was aware of the 1999 and 2012 Agreements, to

which it was a party. (Max Dec. Exs. A-C.) It also appears that, notwithstanding Defendants'

admonitions before this litigation,[2] TufAmerica undertook no due diligence to determine whether

or not Messrs. Reed, Fisher and Avery actually possessed the rights they purported to convey in

the 1999 and 2012 Agreements, which Defendants contend had, in fact, already been conveyed

to a predecessor-in-interest of the UMG Defendants decades earlier. This is not the first time

that TufAmerica has failed to conduct proper due diligence in connection with its claims. Fees

were awarded against its subsidiary for, among other things, failing to conduct due diligence

regarding "the law or facts involved in its claims." See Tuff 'N' Rumble Mgm't, Inc. d/b/a Tuff

City Records v. Profile Records, Inc., 1997 WL 470114, at *1 (S.D.N.Y. Aug. 15, 1997).

The Court's Summary Judgment Order concluded with the instruction to the Clerk to

close the case, which was accordingly with prejudice. After this Court issued the Summary

Judgment Order, Defendants filed their respective Fees Motions. In the Fees Order, the Court

observed that Defendants were the "prevailing party" under the Copyright Act, something that

TufAmerica never disputed. (Fees Order at 2, n. 1.) The Court determined that the deficiencies

in the 1999 and 2012 Agreements "were readily apparent, rendering [TufAmerica's] claim

clearly without merit and objectively unreasonable." (Fees Order at 5 (citation and quotation

omitted).) In ruling that an award of attorneys' fees was justified under Section 505 of the

Copyright Act, the Court further determined that "the purposes of the Copyright Act are

---

[2] As set forth in the Fees Motion (at 4-5), after TufAmerica made its initial demands to
Defendants in March and April 2010, counsel for the Beastie Boys Defendants denied any
infringement, made clear that other parties had claims to exclusive ownership of the copyrights
at issue, and challenged TufAmerica's claimed exclusive rights. (Max Dec. Ex. K.) Following
receipt of the Beastie Boys Defendants' letter, TufAmerica waited over two years before filing
its Complaint on May 3, 2012. (Dkt. No. 1.)

furthered by deterring the filing and pursuit of lawsuits in which chain of title has not been adequately investigated by the plaintiff." (Id.) The Fees Order awarded $591,274.79 in attorneys' fees and $11,553.29 in costs to the Beastie Boys Defendants, and $234,670.25 in attorneys' fees and $8,098.90 in costs to UMG Defendants. (Id. at 16.)

On March 23, 2016, the deadline for filing a motion for reconsideration of the Fees Order pursuant to Local Civil Rule 6.3, TufAmerica filed a motion requesting a thirty-day extension of their time to file such a motion. On April 20, 2016, during that thirty-day extension period provided by the Court, TufAmerica purports to have agreed to an exclusive license with James Avery.

## ARGUMENT

**TUFAMERICA HAS NOT MET THE HIGH STANDARD FOR A MOTION FOR RECONSIDERATION, AND IT SHOULD NOT BE PERMITTED TO RE-LITIGATE LEGAL ISSUES THAT WERE DECIDED BY THE COURT OR TO PRESENT EVIDENCE NEVER PRESENTED DURING THIS CASE AND THUS IRRELEVANT TO THE FEE APPLICATION**

It is well-established that reconsideration of a previous order pursuant to Local Civil Rule 6.3[3] is "an extraordinary remedy to be employed sparingly in the interests of finality and consideration of scarce judicial resources." In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000); see also Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) ("[a] motion for reconsideration is 'generally not favored and is properly granted only upon a showing of exceptional circumstances'"). Local Civil Rule 6.3 specifies that "[t]here shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." As the Second Circuit

---

[3] The standards for relief under Local Civil Rule 6.3 and Federal Rule of Civil Procedure 59 are identical. See Farez-Espinoza v. Napolitano, No. 08 Civ. 11060, 2009 WL 1118098, at *3 (S.D.N.Y. Apr. 27, 2009).

has noted, "[t]he major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992). There is no allegation of a change in the controlling law. Moreover, as discussed below (*infra* at B-C), none of the evidence that TufAmerica cites in its motion is actually "new evidence." The financial information that TufAmerica submits was clearly in its possession at the time it opposed Defendants' Fees Motion. The recently-signed agreement between TufAmerica and James Avery is manifestly irrelevant to reconsideration of the Fees Order, as that Order focused exclusively on the award of fees to Defendants as prevailing parties and not on the substantive merits of the dismissal of TufAmerica's claims on summary judgment.

It is well-established that a motion for reconsideration is not an opportunity for counsel to re-litigate issues that were fully considered and previously decided by the Court. Anwar v. Fairfield Greenwich Ltd., 800 F. Supp. 2d 571, 573 (S.D.N.Y. 2011). "A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment." Id. It follows that: "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." R.F.M.A.S., Inc. v. Mimo So., 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) (quoting Davidson v. Scully, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001)); Newton v. City of New York, 738 F. Supp. 2d 397, 416-17 (S.D.N.Y. 2010) ("Courts have repeatedly been forced to warn counsel that such motions should not be made reflexively to reargue those issues already considered when a party does not like the way the original motion was resolved. A motion for

reconsideration is not an opportunity for making new arguments that could have been previously advanced, nor is it a substitute for appeal."); Simplexgrinnell Lp. v. Integrated Systems & Power, Inc., 642 F. Supp. 2d 206, 210 (S.D.N.Y. 2009) ("a motion for reconsideration is not an opportunity to present 'new facts, issues or arguments not previously presented to the court.") (quoting Maalouf v. Salomon Smith Barney, Inc., No. 02 Civ. 4770, 2004 WL 2782876, at *1 (S.D.N.Y. Dec. 3, 2004)).

Nowhere in its Reconsideration Motion does TufAmerica set forth facts or controlling decisions which it believes were overlooked by this Court or otherwise meet the standard for reconsideration. Instead, TufAmerica's motion for reconsideration is premised upon a baseless new argument that Defendants are prevailing parties, and a rehashed argument regarding the parties' relative financial positions. The prevailing parties argument was not advanced in TufAmerica's opposition to the Fees Motions; in fact, TufAmerica took a contrary position. TufAmerica did make the argument regarding the parties' relative financial positions, but did so without the supporting financial information that TufAmerica has submitted with this motion. Plaintiff TufAmerica is plainly seeking to use Rule 6.3 to plug the gaps of its lost motion with additional arguments and purported evidence, which is precisely what Rule 6.3 was intended to preclude. See R.F.M.A.S., Inc. v. Mimo So., 640 F. Supp. 2d at 509-10.

TufAmerica's attempt to re-litigate the prior motion decided by this Court must fail. As this Court observed in deciding the Fees Motions, Defendants were the "prevailing party" within the meaning of 17 U.S.C. § 505. (Fees Order at 2, n.1.) In opposition to the Fees Motions (Dkt. No. 114), TufAmerica did not argue that Defendants should not be awarded fees as the prevailing party. Instead, TufAmerica consistently argued that Defendants were not entitled to fees and costs despite the fact that Defendants were prevailing parties. Indeed, TufAmerica

essentially conceded that Defendants are the prevailing parties by arguing that "the fact that a defendant has prevailed on a motion to dismiss or on summary judgment does not require the Court to award fees." (<u>Id.</u>)

TufAmerica also previously argued that the Court should consider the alleged financial disparity between Plaintiff TufAmerica and Defendants arguing that "[a]n award of attorneys' fees – particularly in the magnitude requested by defendants – would send a chilling signal to small labels and publishing companies that enforcing rights . . . means risking a devastating loss." (Dkt. No. 114 at 9.)[4]  To the extent that TufAmerica chose to not introduce the documentary evidence in opposition to the Fees Motions that it now submits, or to expound on its position as part of the Fees Motions, TufAmerica should not be permitted to rehash its alleged distressed financial status argument simply because TufAmerica decided now to expand its argument or to introduce its financials, which could have been introduced in opposition to the motion.

**A. Having Conceded That Defendants Were The "Prevailing Party" Under The Copyright Act In Opposition To The Motion For Attorneys' Fees, TufAmerica Should Not Be Permitted To Raise This Issue For the First Time Now**

In its March 9, 2015 Fees Order, this Court unequivocally stated that:  "The parties do not dispute that defendants were the 'prevailing party' for purposes of this motion."  This finding was supported by the arguments advanced by TufAmerica in its Fees Motion Opposition (at 2-3), which implicitly acknowledged that Defendants are the "prevailing parties."  TufAmerica's change of counsel cannot change these facts, nor does it enable TufAmerica to re-litigate the

---

[4] TufAmerica made this argument despite the fact that suing for copyright infringement is one of its chief businesses (Max Dec. Ex. H at 153-154), and that fees were previously awarded against its subsidiary because of its "failure to research properly the law or facts involved in its claims." <u>Tuff 'N' Rumble Mgm't</u>,1997 WL 470114, at *1.

Fees Order and advance a wholly new argument that Defendants are not "prevailing parties."[5] This is precisely what Rule 6.3 was intended to eliminate: "A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment." R.F.M.A.S., Inc. v. Mimo So., 640 F. Supp. 2d at 510. TufAmerica has not met its burden of demonstrating "exceptional circumstances" to grant a motion for reconsideration. See Newton v. City of New York, 738 F.Supp. 2d at 416-17; Borouchov v. Strobel, 1995 WL 598978, at *1 (S.D.N.Y. October 10, 1995).

Moreover, there is no question that Defendants are the "prevailing party" in this case and that there is no controlling precedent to the contrary. As the Supreme Court held in Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources, 532 U.S. 598, 604 121 S. Ct. 1835, 149 L. Ed 2d 855 (2001), "a litigant 'prevails' (for purposes of fee-shifting statutes) when it obtains a 'material alteration of the legal relationship of the parties.'" See also Hyperquest, Inc. v. N'Site Solution, Inc., 559 F. Supp. 2d 918, 921 (N.D. Ill. 2008), aff'd, 632 F.3d 377 (7th Cir. 2011). As Professor Nimmer has indicated in Nimmer on Copyright, the determination of "prevailing party" under Buckhannon depends upon the nature of the case determination, and specifically states that "when the court concludes that plaintiff lacks standing,

---

[5] Plaintiffs also are precluded from taking this inconsistent position by the doctrine of judicial estoppel. *See* New Hampshire v. Maine, 532 U.S. 742, 751 (2001) (finding parties were judicially estopped from making representations inconsistent with position in prior litigation); Intellivision v. Microsoft Corp., 484 Fed. App'x 616, 619-20 (2d Cir. 2012) (upholding determination that plaintiffs were barred from prior representations in opposition to summary judgment motion); Barnet v. Drawbridge Special Opportunities Fund LP, No. 14-cv-1376, 2014 WL 5334066, at *2 (S.D.N.Y. Oct. 17, 2014) (finding defendants could not argue that foreign forum had jurisdiction over them where they had previously argued the contrary).

rather than that there is a jurisdictional defect, fees may be awarded." 5 NIMMER ON COPYRIGHT, § 14.10 Attorney's Fees [3] (citations omitted).

The Supreme Court's decision last week in <u>CRST Van Expedited, Inc. v. E.E.O.C.</u>, No. 14-cv-1375, 578 U.S. __, at *1 (May 19, 2016) further underscores that Defendants are the prevailing parties in this action. As <u>CRST Van Expedited</u> makes clear, "a favorable ruling on the merits is not a necessary predicate to find that a defendant has prevailed." <u>Id.</u> In <u>CRST Van Expedited</u>, the E.E.O.C. brought a myriad of claims under Title VII, 67 of which were dismissed because the E.E.O.C. failed to satisfy Title VII's pre-suit requirements in investigating them. <u>Id.</u> at *7. After the district court determined that defendant could not be considered the prevailing party absent a ruling on the merits, the Supreme Court stated that "[c]ommon sense undermines the notion that a defendant cannot 'prevail' unless the relevant disposition is on the merits." <u>Id.</u> at *12.

The cases cited by TufAmerica do not support the relief they are requesting, and, in most instances require denial of the Reconsideration Motion.[6] <u>Nutter v. Clear Channel</u>

---

[6] TufAmerica cites a stream of cases in which courts have found that a party was not prevailing because the dismissal allowed the same plaintiff to refile its claims against the defendant. These cases are inapposite. As TufAmerica concedes, these cases do not address dismissals for lack of standing, and in fact, in each case, the dismissed plaintiff could cure the dismissal by immediately refiling its complaint in either the same or another court. <u>See</u> <u>Dattner v. Conagra Foods, Inc.</u>, 458 F.3d 98 (2d Cir. 2006) (<i>forum non conveniens</i> dismissal); <u>Ecogen, LLC v. Town of Italy</u>, 461 F. Supp. 2d 100, 102 (W.D.N.Y. 2006) (dismissal for lack of subject matter jurisdiction); (<u>Maware v. Citco Fund Services, (USA) Inc.</u>, No. 09-cv-1342, 2011 WL 6779319, at *10 (S.D.N.Y. Sep. 16, 2011) (dismissal of state law claims that could be refiled in state court); <u>Magder v. Lee</u>, 14-cv-8461, 2015 WL 4887551, at *2 (S.D.N.Y. Aug. 17, 2015) (voluntarily dismissal by plaintiff); <u>Ritani, LLC v. Aghjayan</u>, 970 F. Supp. 2d 232, 266 (S.D.N.Y. 2013) (dismissal with leave to amend). By contrast, Plaintiff here could not file an additional complaint without altering its legal position (<u>i.e.</u>, by actually obtaining exclusive rights). Moreover, while Plaintiff cites <u>Wright v. Storch, Amini & Munves, P.C.</u>, No. 12-cv-2852, 2014 WL 5781056 (S.D.N.Y. Nov. 6, 2014), as an example of courts awarding "prevailing party" status because the plaintiff is precluded from filing its claims, it forgets that like the

Communications, Inc., 2006 U.S. Dist. LEXIS 25028, at *7 (N.D. W. Va. February 15, 2006), cited by TufAmerica for the proposition that "Defendants cannot be considered 'prevailing' under Section 505 [of the Copyright Act]," actually stands for the contrary proposition.  See id. ("[t]he definition of "prevailing party" is not limited to one who prevails on the merits").

TufAmerica also relies on EMI Entertainment World, Inc. v. Karen Records, Inc., 2015 U.S. Dist. LEXIS 48148, at *5-6 (S.D.N.Y. February 27, 2015) but that case is inapposite since there were multiple bases there for not awarding attorneys' fees, including a stated complete lack of jurisdiction over the case.  In contrast, this case is like Contractual Obligation Productions, LLC v. AMC Networks, Inc., 546 F. Supp. 2d 120, 124 (S.D.N.Y. 2008) where the court awarded defendants attorneys' fees against a plaintiff on summary judgment for, *inter alia*, lack of standing).

In this case, TufAmerica conceded that Defendants were the prevailing party.  Judgment was entered based upon both the Dismissal Order on the merits and the Summary Judgment Order on the undisputed material facts and law.  See 10 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2667 (3d ed.) ("a dismissal of the action, whether on the merits or not, generally means that defendant is the prevailing party").  Accordingly, Defendants prevailed on the merits, and the absence of standing was not due to a jurisdictional defect.[7]  There is no way

---

defendants in Wright, the Defendants here succeeded on a motion to dismiss that precludes TufAmerica from bringing most of its claims.  As the Wright court recognizes, a party need not have succeeded on the central issue or obtained the primary relief sought to be considered the prevailing party.  Id. at *1.

[7] TufAmerica cites to Wells Fargo Bank, N.A. v. Ullah, 2014 U.S. Dist. LEXIS 69946 at *6 (S.D.N.Y. May 21, 2014), for the proposition that "[d]ismissals for lack of standing are dismissals without prejudice because standing may ebb and flow.  A party without standing may later acquire it." However, this argument misses the point.  In Ullah, this Court made clear that dismissal without prejudice does not mean that there is not a "prevailing party" on the facts before the Court:  "Dismissal is without prejudice so that under *different* circumstances, a

-12-

that either of this Court's decisions permitted TufAmerica to return to Court and try to have "a second bite at the apple" with the same copyright claims on the same facts.

## B. TufAmerica's Agreement With James Avery Is Not Properly Raised In Connection With This Motion

The supposed "new agreement" with James Avery, which was purportedly signed only last month, significantly undermines TufAmerica's request for relief under Rule 6.3. As this Court noted in R.F.M.A.S., Inc. v. Mimo So., 640 F. Supp. 2d at 510, evidence that was obtained after the close of discovery and briefing on the motion for summary judgment, and that was never voluntarily provided to opposing counsel, is not newly available or newly discovered evidence. Furthermore, Rule 6.3 states that "[n]o affidavits shall be filed by any party unless directed by the court[.]" No such permission has been granted nor was it even requested.

This "new agreement" is also entirely irrelevant to the Reconsideration Motion as it is in no way related to the Fees Order or the Fees Motions. The "new agreement" relates solely to the issue of whether or not TufAmerica has standing to pursue its claims. Those claims have already been dismissed as meritless, first in connection with Defendants' motion to dismiss, then in connection with Defendants' summary judgment motion. As established in discovery, the lack of any grant of exclusive rights by James Avery made it clear that TufAmerica never had standing to pursue this action. TufAmerica's pursuit of an action that it never had the right to bring resulted in years of pointless litigation and cost Defendants hundreds of thousands of dollars in fees and costs. Had TufAmerica performed its due diligence before it commenced this

---

plaintiff may come back into court to present the same claim." Id. at *4. As a result, while there is an open issue as to whether TufAmerica could bring a new and separate action if it has secured the necessary copyright rights under different facts with respect to "Say What" and "Let's Get Small," under no circumstances would it be permitted to bring this action under these facts and TufAmerica's complaint in this action. In fact, Defendants are immunized from Plaintiff TufAmerica bringing the same action arguing these same facts. See id., at *5.

action, it would have discovered the many infirmities in its claimed rights, including its failure to obtain an exclusive license from James Avery. Instead, TufAmerica waited until after Summary Judgment and Fees Orders were entered to purportedly obtain exclusive rights from James Avery on April 20, 2016—mere days before the Reconsideration Motion was filed. This deliberate attempt to avoid the consequences of pursuing meritless claims against Defendants for years, should be rejected.

In short, even assuming the agreement with James Avery is relevant to a motion for reconsideration at all, it would be for reconsideration of the Summary Judgment Order, not the Fees Order. The time for reconsideration of the Summary Judgment Order passed long ago and Plaintiffs' attempt to resuscitate those arguments on this motion should be rejected.

## C.     TufAmerica's Contention That Plaintiff Is Financially Weak Was Previously Argued And There Is No "Newly Discovered" Evidence

The purportedly "newly discovered" evidence regarding the parties' financial positions is neither controlling nor a basis for a grant of the motion for reconsideration. TufAmerica's 2013 and 2014 profit and loss statements could have been filed with TufAmerica's opposition to the Fees Motions but were not. There is no question that TufAmerica previously argued that the Court should consider the alleged financial disparity between TufAmerica and Defendants yet chose to not introduce this documentary evidence in opposing the motion for attorneys' fees. (See Dkt. No. 114 at 8-9.) Just because TufAmerica retained new counsel does not give it the right to rehash its alleged distressed financial status argument and introduce its 2013, 2014 and 2015 financials. See R.F.M.A.S., Inc. v. Mimo So., 640 F. Supp. 2d at 509; Newton v. City of New York, 738 F. Supp. 2d at 416-17.

In any event, while TufAmerica cites several cases in support of its financial disparity argument, none of these cases involve a motion for reconsideration and the vast majority involve

parties with limited incomes proceeding *pro se* and none involve a motion for reconsideration.[8] TufAmerica is not a *pro se* litigant. TufAmerica is in the business of litigating copyright claims for profit, and it should suffer the consequences for pursuing baseless litigation. Moreover, the unaudited and uncertified profit and loss statements that TufAmerica submitted for the first time on this motion for reconsideration purport to show that TufAmerica is a profitable business with hundreds of thousands of dollars in annual revenue. To the extent the Court even considers these financial disparity arguments, which it should not, the Court should reject them out of hand.

---

[8] See, e.g., Sassower v. Field, 973 F.2d 75 (2d Cir. 1992); Toliver v. County of Sullivan, 957 F.2d 47, 49-50 (2d Cir. 1992); Faraci v. Hickey-Freeman Co., 607 F.2d 1025 (2d Cir. 1979); Gordon v. McGinley, No. 11-cv-1001, 2013 WL 1455122, at *4 (S.D.N.Y. Mar. 28, 2013); Polsby v. St. Martin's Press, Inc., No. 97-cv-690, 2001 WL 180124, at *1 (S.D.N.Y. Feb. 22, 2001); Chivalry Film Productions v. NBC Universal, Inc., No. 05-cv-5627, 2007 WL 4190793, at *4 (S.D.N.Y. Nov. 27, 2007).

## CONCLUSION

For the foregoing reasons, the Beastie Boys Defendants respectfully request that the

Court deny plaintiff TufAmerica, Inc.'s motion for reconsideration pursuant to Local Civil

Rule 6.3, together with such other and further relief as the Court may deem just and proper.[9]

Dated: May 26, 2016
       New York, New York

                                        Respectfully submitted,

                                        **SHEPPARD MULLIN RICHTER &
                                        HAMPTON LLP**


                                        By_____/s/ Theodore C. Max_____
                                             Theodore C. Max
                                             Kenneth Anderson
                                             Thomas M. Monahan
                                             30 Rockefeller Plaza
                                             New York, NY 10112
                                             Tel: (212) 653-8700
                                             Fax: (212) 653-8701

                                             *Attorneys for Defendants
                                             Michael Diamond, Adam Horovitz,
                                             the Estate of Adam Yauch, and Brooklyn
                                             Dust Music*

---

[9] The Beastie Boys Defendants have incurred significant additional attorneys' fees and costs opposing the Reconsideration Motion. After May 2016 bills are issued, counsel for the Beastie Boys Defendants will provide the Court with a declaration attaching the bills reflecting the time incurred in connection with the Reconsideration Motion. The Beastie Boys Defendants respectfully request that the fees incurred in opposing the Reconsideration Motion be added to any judgment entered in accordance with the Fees Order. The Beastie Boys Defendants respectfully reserve the right to submit any further application for additional fees incurred for inclusion in any judgment entered in accordance with the Fees Order, including, but not limited to the time necessary to review TufAmerica's reply and fees relating to oral argument or additional submissions, if required by the Court.