UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUL 12 2016

TufAmerica, Inc.,

                    Plaintiff,

            –v–

Michael Diamond *et al.*,

                    Defendants.

12-CV-3529 (AJN)

MEMORANDUM AND
ORDER

ALISON J. NATHAN, District Judge:

On March 9, 2016, the Court granted Defendants' motion for attorneys' fees. Dkt. No. 124. On March 23, 2016, Plaintiff retained new counsel to file a motion for reconsideration of the Court's Memorandum and Order. That motion for reconsideration was filed on April 22, 2016. Dkt. No. 128. For the reasons articulated below, Plaintiff's motion for reconsideration is granted in part and denied in part.

## I.    LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3 govern motions for reconsideration, and these rules are intended to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Medisim Ltd. v. BestMed LLC*, No. 10–CV–2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012) (internal quotation marks omitted). For this reason, "[a] motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) (quoting *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001)). Instead, "[a] motion

1

for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted). Ultimately, however, "the decision as to whether to grant a motion for reconsideration rests within the sound discretion of the district court." *Callari v. Blackman Plumbing Supply, Inc.*, 988 F. Supp. 2d 261, 287 (E.D.N.Y. 2013)

## II.    DISCUSSION

Defendants requested approximately $918,000 in attorneys' fees and costs in connection with this litigation, which has now lasted over four years. *See* Dkt. No. 104 at 10. 13; Dkt. No. 107 at 15. The Court ultimately awarded approximately $845,000 in fees and costs. Dkt. No. 124 at 16. Plaintiff makes three arguments in support of its motion for reconsideration of that award. First, it argues that Defendants' are not entitled to any award of attorneys' fees because they are not "prevailing parties" under 17 U.S.C. § 505. Next, it argues that the Court did not take into account Defendants' relatively minor success in this action. Finally, Plaintiff argues that it cannot afford to pay the award imposed by the Court. The Court will consider each of these arguments in turn.

### A.  Prevailing Parties

Plaintiff first argues that Defendants are not "prevailing parties" under 17 U.S.C. § 505. Dkt. No. 129 ("Br.") at 2. Plaintiff's opposition to the initial motion for fees did not raise this argument. Dkt. No. 114 at 1-4. Instead, assuming that Defendants were prevailing parties, Plaintiff focused primarily on whether its claims had been objectively unreasonable. *Id.* at 2-8. As a result, Plaintiff waived the argument that Defendants were not prevailing parties. *See First*

2

*Capital Asset Mgmt., Inc. v. Brickellbush, Inc.*, 218 F. Supp. 2d 369, 392-93 (S.D.N.Y. 2002); *see also Am. Tissue, Inc. v. DLJ Merch. Banking Partners, II, L.P.*, No. 03-CV-6913 (GEL), 2006 WL 1084392, at *6 (S.D.N.Y. Apr. 20, 2006) (Lynch, J.) (quoting *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998)) ("Issues not sufficiently argued in the briefs are considered waived. . . ."). The Court noted as much in its March 9, 2016 Memorandum and Order when it stated that "[t]he parties do not dispute that Defendants were the 'prevailing party' for purposes of this motion." Dkt. No. 124 at 2 n.1.

As noted above, "[a] motion for reconsideration may not be used to advance new . . . arguments." *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509 (quoting *Davidson*, 172 F. Supp. 2d at 461); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001) (citing Local Rule 6.3 and finding "no reason to question" the district court's rejection of a new argument made in a motion for reconsideration as untimely). Although the Court could exercise discretion to consider this waived argument, *see Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 159 (2d Cir. 2003), it declines to do so, as Defendants have not had a sufficient opportunity, given the procedural posture, to substantively contest Plaintiff's position.[1] For this reason, and because Plaintiff had the

---

[1] Declination is all the more appropriate given that Plaintiff's argument, even briefly considered, appears to be without merit, particularly in light of the Supreme Court's decision in *CRST Van Expedited, Inc. v. EEOC*, 136 S. Ct. 1642 (2016), which issued while briefing on Plaintiff's motion for reconsideration was ongoing. Plaintiff's primary substantive contention is that, because the Court dismissed its claims pertaining to the songs "Let's Get Small" and "Say What" for lack of standing and therefore, purportedly, without prejudice, Defendants have not been "immunize[d] from the risk of future litigation" on the merits of those claims and thus may not be deemed "prevailing parties." Dkt. No. 129 at 2-5. In *CRST*, however, the Supreme Court held that "a defendant need not obtain a favorable judgment on the merits in order to be a 'prevailing party,'" observing that a "defendant has . . . fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision." *See* 136 S. Ct. at 1646. Although *CRST* specifically concerned the fee-shifting provisions of Title VII of the Civil Rights Act of 1964, it is the stated "policy" of the Supreme Court to interpret the term "prevailing party" in a "consistent manner" across the various federal fee-shifting statutes. *See id.* at 1646.

opportunity to raise this argument in its original opposition to Defendants' fee motion but did not

do so, the Court will not consider Plaintiff's new argument at this stage.

## B. Degree of Defendants' Success

Next, Plaintiff argues that the Court should re-evaluate the calculation of its award of

attorneys' fees because "Defendants' success in this action was relatively small." Dkt. No. 129

at 9. In its initial opposition to Defendants' motion for fees, Plaintiff argued that the requested

fees should be reduced on a number of grounds. *See* Dkt. No. 114 at 9-15. Plaintiff did not,

however, argue that Defendants' "relatively small" success was a factor supporting a reduced fee

award. *Id.* For the reasons articulated above, the Court deems Plaintiff to have waived this

argument by not raising it in its original opposition and will not grant the requested relief on this

basis. *See First Capital Asset Mgmt., Inc.*, 218 F. Supp. at 392-93; *see also Am. Tissue*, 2006

WL 1084392, at *6 (Lynch, J.) (quoting *Norton*, 145 F.3d at 117).

## C. Financial Impact of the Award

Finally, Plaintiff argues that the Court should reconsider its award of fees based on

Plaintiff's weak financial position. Specifically, Plaintiff argues that paying the $845,000 award

would put it out of business. Dkt. No. 129 at 11.   In support of this argument, Plaintiff filed

with its motion for reconsideration a declaration and seven exhibits including several years of

profit and loss statements and other financial data.   Dkt. No. 130.

Plaintiff made an oblique reference to this issue in a single sentence in its initial

opposition when discussing the purposes of the Copyright Act. Dkt. No. 114 at 8-9. The

entirety of the Plaintiff's argument on this point read: "An award of attorneys' fees—particularly

in the magnitude requested by defendants—would send a chilling signal to small recording labels

and publishing companies that enforcing rights in all but the clearest-cut cases means risking a

devastating financial loss." Dkt. No. 114 at 9. This policy argument did not claim that Plaintiff specifically was unable to pay the amount of fees requested by Defendants without experiencing financial ruin, nor did it provide any financial data to support such an argument. As a result, there was no way for the Court to evaluate Plaintiff's ability to pay when initially considering Defendants' motion for fees.

Although the current version of the financial disparity argument was not fully articulated in Plaintiff's initial opposition, the Court will "exercise [its] discretion to consider [it] . . . . [as] necessary to avoid a manifest injustice." Arthur Glick Truck Sales, Inc. v. Travelers Cas. & Sur. Co. of Am., 577 F. App'x 11, 13 (2d Cir. 2014). "[E]ven after the 'presumptively reasonable fee' is established, the final fee award may be adjusted downward based on the relative financial strength of the parties." Barclays Capital Inc. v. Theflyonthewall.com, No. 06-CV-4908 (DLC), 2010 WL 2640095, at *6 (S.D.N.Y. June 30, 2010) (Cote, J.). In making such an adjustment, the Court should consider whether an award will "fulfill[] the statute's deterrent purpose without subjecting [the party] to financial ruin." Faraci v. Hickey-Freeman Co., 607 F.2d 1025, 1029 (2d Cir. 1979); see also Theflyonthewall.com, 2010 WL 2640095, at *7 (quoting Faraci, 607 F.2d at 1029) ("an equitable reduction of the final fee award" in a Copyright Act case was justified to "avoid[] any risk that [the defendant] would be 'subject[ed] . . . to financial ruin'").

The documents provided by Plaintiff suggest that its total income ranged between $300,000 and $500,000 from 2013 and 2015, with rather variable profits and losses. Dkt. No. 130 Ex. C at 1. In light of this information, the Court credits Plaintiff's representation that it "likely will not survive" if required to pay the approximately $845,000 award initially issued by the Court. See Dkt. No. 130 at 2. As a result, the Court will likely "adjust[] downward" from the presumptively reasonable fee calculated in its March 9, 2016 Memorandum and Order, Dkt.

No. 124 at 14, to account for "the relative financial strength of the parties." *Theflyonthewall.com*, 2010 WL 2640095, at *6.

The parties are ordered to meet and confer with a good-faith effort toward settlement of the appropriate amount of fees to be paid. The parties may request a referral to the magistrate judge for a settlement conference for this purpose. If the parties are unable to reach a consensual solution, they shall submit proposals to the Court on the appropriate amount of a fee award in light of the Court's decision to allow reconsideration on this point. Plaintiff shall submit briefing in support of its proposal, not to exceed eight pages, no later than August 12, 2016. Defendants shall submit briefing in response, not to exceed eight pages, no later than August 19, 2016. Plaintiff shall submit any reply briefing, not to exceed three pages, no later than August 24, 2016.

### D.  Impact of *Kirtsaeng v. John Wiley & Sons, Inc.*

On June 16, 2016, the same day on which briefing concluded on Plaintiff's motion for reconsideration, the Supreme Court issued its opinion in *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979 (2016). Although the Court does not, as an initial matter, read the Supreme Court's decision as affecting the outcome of the Court's order, because the parties have not had the opportunity to brief the Court on whether that decision affects the fees and costs award entered in this matter, the Court invites additional briefing on that question. Plaintiff shall submit any such briefing, not to exceed five pages, no later than August 12, 2016. Defendants shall submit any briefing in response, not to exceed five pages, no later than August 19, 2016. Plaintiff shall submit any reply briefing, not to exceed three pages, no later than August 24, 2016.

6

## III.    CONCLUSION

Although the Court is cognizant of the strict standard governing motions for reconsideration, it finds that a reduction of the fee award granted on March 9, 2016 is likely required in light of Plaintiff's financial condition to "prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted).  The parties shall proceed as described in II.C. to propose an appropriate fee award.

This resolves Dkt. No. 128.

SO ORDERED.

Dated: July ____, 2016
        New York, New York

ALISON J. NATHAN
United States District Judge