UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TufAmerica, Inc.,

        Plaintiff,

–v–

Michael Diamond *et al.*,

        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUL 1 2 2016

12-CV-3529 (AJN)

MEMORANDUM AND ORDER

ALISON J. NATHAN, District Judge:

    On April 26, 2016, Plaintiff requested redaction and sealing of certain information submitted with its motion for consideration. Specifically, Plaintiff requested that the Court seal certain financial information about Plaintiff, a closely held corporation owned by Aaron Fuchs.

    The documents in question are unquestionably judicial documents, as Plaintiff recognizes, and go to the heart of Plaintiff's motion for reconsideration. As such, they "should not remain under seal *absent the most compelling reasons.*" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006) (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)). Specifically, "continued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary" in light of "countervailing factors" and "only if the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. Plaintiff identifies two related "countervailing factors" to justify maintaining these documents under seal. *Id.* First, it argues that these documents are profit and loss statements of a closely held corporation, which reduces the public interest in this information. Second, it argues that disclosure of information on the company's profitability would put it at a disadvantage in negotiating with prospective licensors and transferors.

1

With respect to injury, Plaintiff argues it will suffer financial harm "[i]f owners of musical works who are considering licensing or transferring their works to Plaintiff have access to the amount of revenue generated by other musical works which Plaintiff has distributed and licensed to third parties." Specifically, Plaintiff argues that this will discourage people from doing business with Plaintiff or "provide them with additional leverage in negotiating the terms of their agreements." The Court credits Plaintiff's argument that releasing its full profit and loss statements from the past three years is likely to cause this specific competitive injury. Presumably for this reason, similar information has been redacted from judicial documents in similar cases. *See Barclays Capital Inc. v. Theflyonthewall.com*, No. 06-CV-4908 (DLC) Dkt. No. 190 (S.D.N.Y. May 14, 2010). The fact that these documents are "[f]inancial records of a wholly owned business" further supports the Court's conclusion, as such matters "weigh more heavily against access than conduct affecting a substantial portion of the public." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). Finally, the Court finds the sealing and redaction requests "narrowly tailored" to protect against the alleged harm. *Lugosch*, 435 F.3d at 124. Plaintiff seeks to seal three exhibits containing detailed profit and loss statements and redact certain financial figures from its declaration and memorandum of law, but does not seek to seal or redact general references to its weak financial condition or inability to pay the award in question.

For these reasons, the Court grants Plaintiff's sealing and redaction requests.

SO ORDERED.

Dated: July 12, 2016
New York, New York

_____
ALISON J. NATHAN
United States District Judge